### ROBB *against* MONTGOMERY.

THE plaintiff declared in covenant on an agreement, which the defendant, after craving *oyer*, set out. It was dated 12th of *June*, 1817. The defendant bound himself to pay the plaintiff 2500 dollars, to wit, 500 dollars, in one year from the date, 1000 dollars, in two years from the date, and 1000 dollars, in three years. The plaintiff, in consideration of the above payments being punctually made, at the times, and in the manner specified, bound himself to convey, in fee simple, to the defendant, certain lots of land in the village of *Rochesterville*, particularly set forth in the agreement ; and it was declared to be understood, that if the first payment was made when it became due, and the defendant wished to get a deed for the premises, and to give a bond and mortgage on the same, for securing the two last payment of land ; and the parties further agreed, that if the first payment was made when it became due, and the defendant wished to have a deed, and would give a bond and mortgage of the premises to be conveyed, to secure the two other instalments, that the plaintiff would then give a deed, *with warranty*, and take a mortgage. Before the time limited for the payment of the first instalment, the plaintiff sold and conveyed the land, in fee simple, to *B.*, and assigned over to him the contract made with the defendant. In an action of covenant, to recover the instalments, the defendant pleaded the conveyance, by the plaintiff, to *B.*, in fee, whereby the plaintiff became disabled from performing on his part ; and the defendant, therefore, refused to perform on his part. The plaintiff *replied*, that at the time he sold and conveyed the premises to *B.*, he assigned over to him the articles of agreement with the defendant, and all the moneys thereby payable, of which notice was, on the same day, given to the defendant ; and that when the first payment became due and payable, *B.* was capable, and willing, and ready to convey a good title, in fee simple, to the defendant, of the premises, of which the defendant had notice at the time, when the first payment became due. On a *demurrer* to the replication, because it did not aver that *B.* was ready and willing to give the defendant a *warranty* deed : *Held*, that the covenants were mutual and independent ; that the defendant, in his plea, was bound to allege a demand of a deed from the plaintiff, and an offer or willingness to execute a bond and mortgage. That the contract was not rescinded, on the part of the plaintiff ; nor did he, by the conveyance of the land, and assignment of the contract to *B.*, incapacitate himself from performing the agreement ; as *B.* was, in equity, a mere trustee for its performance, and might be compelled to perform it ; and the plaintiff was not disabled from uniting with *B.*, if required to do so, in a warranty deed ; or he might, if the defendant had shown himself entitled to such a deed, by an offer to pay the first instalment, and to give a mortgage, have procured a reconveyance from *B.*, and thus have been ready himself to execute a warranty deed to the defendant.

Where the covenants are *dependent*, the conveyance of the land, and the payment of the money, must be simultaneous ; and there must be an existing capacity to convey, at the time, in the person who is to execute the conveyance : but where the covenants are *independent*, and the payment of the money is to precede the conveyance, it is no excuse for the non-payment of it, that the other party has not a present existing capacity to convey a good title, unless the party whose duty it is to pay the money, offers to do so, on receiving a good title ; and then, the other party must give him a good title. or the contract will be rescinded.

*The defendant covenanted to pay the plaintiff 2500 dollars in instalments, to wit, 500 dollars in one year, 1000 dollars in two years, and 1000 dollars in three years ; and the plaintiff, in consideration of the above payments being punctually made at the times, &c. covenanted to convey, in fee simple, to the defendant, certain lots of*

ments, the plaintiff agreed to give a deed and take a mort-
gage.   The deed was to be with warranty.

The declaration averred non-payment of all the instalments.
The defendant first pleaded in bar, that when the first pay-
ment became due, the plaintiff was not capable, willing and
ready to make, nor could he make, a title, in fee simple, to
the defendant, for the said pieces of land mentioned in the
agreement, according to the tenor and effect thereof.   2d.
That after making the agreement, and before the time therein
limited for the first payment, to wit, on, &c., the plaintiff
bargained, sold and conveyed to one *James D. Bemis*, his
heirs and assigns, in fee simple, all the said pieces of land
mentioned in the said agreement, whereby the said *James*,
when the first payment became due, became seised, in fee
simple, thereof; by means whereof, the plaintiff was dis-
abled from performing, and it became impossible for him to
perform and fulfil the said agreement, on his part; for
which reason the defendant declined and refused to perform,
on his part, as he lawfully might.

*Replication* to first plea.   That after making the agree-
ment, and before the time therein stated and limited for the
first payment, to wit, on, &c., at, &c., he, the plaintiff, for
good and valuable consideration, assigned to one *James D.
Bemis*, all the interest of the plaintiff, in and to the articles
of agreement, and the moneys thereby payable, and by deed,
duly executed, conveyed to him, his heirs and assigns, for ever,
the lands mentioned in the agreement, whereof the defendant,
at, &c., on, &c., had notice; and the said *Bemis*, at the time
when the first payment became due, was capable and willing,
and ready to make a title, in fee simple, to the defendant, for
the said pieces of land, whereof the defendant, when the said
first payment became due, to wit, on, &c., at, &c., had no-
tice, with a verification.

There was a replication to the second plea: That after making
the agreement, and before the time limited for the first payment,
to wit, on, &c., at, &c., the plaintiff, for good and valuable
consideration, sold, assigned, and set over to *James D. Be-
mis*, all his estate and interest in and to the articles of agree-
ment, and the moneys thereby payable, and on the same day,
at, &c., the plaintiff granted, bargained, sold and conveyed to

NEW-YORK,
May, 1822.

ROBB
v.
MONTGOMERY.

the said *Bemis*, his heirs and assigns for ever, all the said pieces of land mentioned in the agreement, whereof the defendant, on the same day and year aforesaid, at, &c., had notice ; and the said *Bemis*, when the said first payment became due, was capable, and willing, and ready to make a title, in fee simple, to the defendant, for the said pieces of land, whereof the defendant, at the time when the said first payment became due, to wit, on, &c., at, &c., had notice ; concluding with a verification.

There was a *rejoinder* to the replication to the first plea, that the said *James D. Bemis*, when the said first payment, mentioned in the said articles of agreement, became due and payable, was not ready to make a title, in fee simple, to the defendant, for the said pieces of land, in manner and form, as the plaintiff hath alleged, putting himself on the country, &c.

*Demurrer* to the replication to the second plea, assigning for cause, *that by the articles of agreement, the plaintiff was to give the defendant a warranty deed*, for the said lots and pieces of land ; and that there is no averment in the replication, that *Bemis* was willing and ready to give to the defendant such warranty deed.   Joinder in demurrer,—which was submitted to the Court, without argument, on the points and authorities stated.

SPENCER, Ch. J., delivered the opinion of the Court.   It seems to me, there can be no doubt that the covenants here are mutual and independent.   The defendant's covenant is absolute and positive, that he shall pay the 2500 dollars, in instalments ; and in consideration of the payments being punctually made, at the times, and in the manner specified, the plaintiff bound himself to convey, in fee simple, the lots of land therein described.   The payments were to be made without reference to the conveyance, and the conveyance was not to be given until all the payments were made.   It is impossible for language to render covenants more independent than these.   But the parties declare it to be understood, that if the first payment is made when it becomes due, and the defendant wishes to get a deed for the premises, and to give a bond and mortgage on the same, for

securing the two last payments, the plaintiff agreed to give a
deed, which was to be with warranty, and to take a mort-
gage. This provision depended on two conditions—the
payment of the first instalment of 500 dollars, and a demand
thereafter, by the defendant, of a deed, with a proffer of a
bond and mortgage, to secure the two last payments. Nei-
ther of the pleas set up the performance of the first condi-
tion, the payment of the 500 dollars; nor do either of them
allege a demand of a deed, and an offer or willingness to ex-
ecute a bond and mortgage. These were facts which were
incumbent on the defendant to bring forward, the plaintiff be-
ing under no necessity to negative the demand for a deed, or
to notice a circumstance depending wholly on the defendant's
election. The only question, then, involved in the demurrer
to the replication to the second plea is, whether the assign-
ment of the agreement, and the conveyance of the lots, in fee,
to *Bemis*, with averments of notice of such assignment and
conveyance, to the defendant, before the first instalment fell
due, and that he was capable, ready and willing to make a
title, in fee simple, to the defendant, of the lots and pieces of
land, specified in the agreement, with an averment, also, of
notice of such capacity, willingness and readiness, to the de-
fendant, before the first payment became due, is a bar to the
plaintiff's recovery? It is insisted, that these matters are a
bar to the suit.

The objections are, *first*, that it is not averred, that
*Bemis* was ready and willing to give a *warranty* deed;
*second*, that the defendant was entitled to a warranty deed
from the plaintiff, and was not bound to take one from
any other person; and, *third*, that the plaintiff, having dis-
abled himself from conveying, the contract was rescinded,
and he was not entitled to recover. The defendant not hav-
ing availed himself of his right to demand a conveyance,
when the first payment became due, in truth, the only ques-
tion is, whether, by the plaintiff's assignment of the agree-
ment and conveyance, in fee, to *Bemis*, the contract is re-
scinded? It is evident, from the facts set forth in the replica-
tion, that the plaintiff did not intend to rescind the contract.
On the contrary, he assigned it, as a subsisting and beneficial
contract, at the same time that he conveyed the lots to *Be-*

*cus.* *Bemis* accepted the assignment of the contract, and the conveyance of the lots, and immediately gave notice to the defendant of these facts, and of his readiness and willingness to perfect the contract; so that both the plaintiff and *Bemis* expected and intended to execute the contract, on their part. Nor can it be said, that the plaintiff was incapacitated from performing the agreement on his part. In the view of a Court of Equity, *Bemis* was a mere trustee for the performance of the contract. Under the facts in the case, he might be compelled to execute a deed to the defendant, when the latter entitled himself to one, by the payment of the purchase money. And if the plaintiff's personal warranty was a valuable part of the contract, he had not disabled himself from uniting with *Bemis* in a warranty deed. The case of *Greenby* v. *Cheevers*, (9 *Johns. Rep.* 126.) contains principles decisive of this case. The two cases are quite analogous. Here, as in that case, the covenants are independent; the defendant is willing to covenant to pay the whole consideration, and to receive the plaintiff's covenant to convey, when the consideration money is fully paid, with an option and election to the defendant, to demand a conveyance after he had paid 500 dollars, the first instalment, on his giving a bond and mortgage on the lots to be conveyed, to secure the residue. But the defendant makes no election, nor does he pretend to show that he was ever ready to pay, or that he ever became entitled to a conveyance. On the contrary, he tacitly admits that he not only never paid any thing, but that he never offered to perform his part of the agreement. Had he come forward, ready and willing to perform his part of the contract, we are bound to presume, from the fact stated in the replication, that the plaintiff would have become capable to convey, as he had covenanted to do ; for, in that event, if the defendant had been disinclined to accept a deed from *Bemis*, the plaintiff could have been reinvested in his title, and thus have been ready to execute a warranty deed. This, I apprehend to be the justice and equity of the case ; and I can entertain no doubt that the law is decidedly with the plaintiff.

It is a mistake to compare this case with that of *Judson* v. *Wass*, (11 *Johns. Rep.* 525.) There, the giving the note, deed, bond, and mortgage, were all to be simultaneous acts ;

in other words, the promises were dependent. Here, they are manifestly independent covenants. There, the plaintiff was utterly incapacitated from giving an indefeasible title, in consequence of the existence of a heavy mortgage on the premises, when the sale was made, and even down to the time of the trial. There, the contract was, that the plaintiff was capable of making a good and perfect title, at the time of the contract; here, the substance of the contract is, that he will make a good title when the defendant entitles himself to a deed, by the payment of the consideration money. The case of *Tucker* v. *Woods*, (12 *Johns. Rep.* 190.) is open to the same observations. The contract, independently of its being a mere proposition towards a contract, contained promises which were dependent, and both parts were to be executed at the same time; and there, as the plaintiff was incapacitated from conveying, as he had agreed to convey, the defendant was rightly held not to be bound.

I consider the distinction to be clearly settled between dependent and independent covenants or promises. In the first case, the conveyance and payment are to be simultaneous acts, and there then must be an existing capacity in the one who is to convey, to give a good title; in the other case, where the payments are to precede the conveyance, it is no excuse for non-payment, that there is not a present existing capacity to convey a good title, unless the one whose duty it is to pay, offers to do so, on receiving a good title, and then it must be made to him, or the contract will be rescinded. Here, the defendant never offered to pay, and never demanded a conveyance; and, therefore, it furnishes no bar to the suit, that, at a certain period, the plaintiff had not the title. He might have had it, and would have had it, if the defendant had paid the money and demanded a deed.

Judgment for the plaintiff.