## Van Rensselaer *vs.* Miller.

Plaintiff gave W. a contract for the sale of land, and defendant, at foot of the contract, in consideration of one dollar, covenanted, in default of payment by W., that he would pay the purchase money at the times and in the manner specified in the contract. *Held*, in an action on defendant's covenant, that he was not entitled to notice of the defaults in payment by W.

By the terms of the contract one instalment was to have been paid on the execution of the contract. *Held*, that defendant's covenant covered this as well as future instalments.

To entitle defendant to prove, as a ground of defence to this action, that plaintiff had parted with his title to the land and was unable to fulfill his contract, he should have pleaded such defence, or given notice of it under the plea of non est factum.

ACTION of covenant. The plaintiff entered into a contract with one Wiltsey, Dec. 24th, 1836, to sell a lot of land for the consideration of $700, payable, $65 at the execution of the agreement, and the residue in instalments at fixed periods of time; a deed to be given when $500 were paid, and bond and mortgage taken back. The defendant at the same time at the foot of the agreement, in consideration of one dollar, covenanted and agreed, that the said Wiltsey would well and faithfully fulfill said agreement, and in case of default, he wouldpay the said money at the times and in the manner specified. No part of the $700 had been paid. The defendant pleaded non est factum, and gave notice of special matters. On the trial the execution of the agreement and covenant were proved. The amount due for principal and interest was $1,028.72. The defendant moved for a non-suit on the

ground that notice should have been given of the defaults in payment by the principal, he (defendant) being surety. Overruled. Exception. The defendant then proved by the subscribing witness that he did not know of the payment of the $1, consideration money. The court ruled this constitued no defence. The defendant then offered to prove that the plaintiff had conveyed the premises to a third person, and was thereby disabled from giving a deed. This evidence was overruled. Exception. The defendant claimed the plaintiff could not recover the $65, to be paid on the execution of the agreement. The judge decided he was entitled to recover the full amount. Verdict accordingly. Defendant moves for a new trial on exceptions.

*By the Court*, NELSON, Ch. J.   The covenant is absolute to pay the several sums specified in the agreement of Wiltsey at the time and in the manner therein mentioned; and we have repeatedly held in like cases, that notice of the default in the payment by the principal debtor is not a condition of the obligation. The undertaking also, fairly covers the instalment to be paid at the time of the execution of the instrument—there is no exception of any of the payments—the defendant is liable for the whole of them.

According to the case of *Kobb* v. *Montgomery*, 20 Johns., 15, the judge was right in overruling the offer to show that the plaintiff had parted with his title. The defendant, as there held, could not put himself on this ground unless he has first fulfilled the agreement on his part by offering to pay the money due before a deed was to have been given, and demanding the same.

But, be that as it may, it is a sufficient answer, for this case, that this ground of defence has not been pleaded, or notice given of it under the plea of non est factum.

New trial denied.