## CAMP vs. MORSE.

Where in a contract for the sale of land, the vendee covenanted to pay the purchase money by instalments, and the vendor covenanted that upon their being fully paid, he would well and sufficiently convey and assure the premises to the vendee in fee; and to a declaration in covenant by the vendor brought for the purchase money, the vendee pleaded, that at a time after all the money had become payable, he offered the amount due and tendered a deed prepared for execution to the plaintiff, but he had no title to, and could not therefore convey the premises; *held* that the plea was a good answer to the action.

Where to such a plea, the plaintiff replied by alleging that at the time of the tender of the money, the title was in a third person who was bound by contract to convey it to the plaintiff, on his making certain payments, and that within a reasonable time after the tender he procured a conveyance of the title to himself and then executed and offered to deliver the deed which the defendant had tendered for execution, which he refused to accept, and that such offer was within a reasonable time after the defendant had tendered the deed for execution; *held*, that the replication was bad.

A plea by the vendee alleging that the defendant had no title when he was required to convey, *and* that the premises were encumbered by a mortgage is bad for duplicity.

DEMURRER. The declaration was in covenant on a contract for the sale of lands, by the vendor against the vendee. It set forth articles of agreement between the parties under seal, dated March 19th, 1836, by which the defendant cove-

nanted to pay the plaintiff $660 in manner following: $66 on the execution of the articles, and the remainder in four equal yearly payments with annual interest; in consideration of which the plaintiff covenanted, that if the defendant should make the several payments according to the contract, that the plaintiff would well and sufficiently grant, bargain, sell, release, convey, confirm and assure to the defendant in fee a certain piece of land, which was described, situated in the village of Portland, in the county Chautauque; but if the defendant failed to make the payments, the plaintiff's covenant was to be void. Averment of general performance by the plaintiff, and that afterwards to wit, on the 15th day of January, 1845, at, &c. the plaintiff tendered and offered to the defendant a good and sufficient conveyance in fee of the land executed by himself and his wife, with covenants of seizin and of warranty, and requested the defendant to accept the same, and to pay the money which he had covenanted to pay. Breach, that the defendant neglected and refused to make the payment.

The defendant, besides the plea of *non est factum*, pleaded, 1. That he, the defendant, had made certain payments which the plaintiff accepted on account of the contract, which are particularly stated, and some of which were made after the time for paying the whole purchase money had expired; and that before the commencement of the suit, to wit, on the 10th day of January, 1845, at, &c. the defendant called on the plaintiff and was ready and offered to pay him the full amount remaining unpaid on the contract on receiving a sufficient conveyance of the land, which should give him, the defendant, a good title thereto, and tendered to said plaintiff a proper deed thereof prepared for execution, which was in all respects according to the terms of the contract and to which the plaintiff did not object, and required the plaintiff to execute it, and showed to, and offered to pay him $693, being the amount due for principal and interest, on condition that he would perform on his part; and gave him notice that unless he performed, the defendant would consider the contract rescinded; that the said plaintiff had not then or ever before any title to the land; and that the defendant waited a

reasonable time for the plaintiff to execute the deed so tendered for execution, but said plaintiff omitted, neglected and refused to execute that or any deed of the land. Verification. 2. That the defendant, to wit, on the 10th day of January, 1845, at, &c. offered to pay the plaintiff the money due on the contract on receiving a conveyance, and tendered and left with him a conveyance prepared for execution, and gave him notice as stated in the first special plea, and waited until the 14th day of January, 1845, for the plaintiff to execute the deed, in readiness to pay the money, and then required of the plaintiff the execution of the deed; that the plaintiff had no title to the land and it was subject to the encumbrance of a mortgage which is set forth, traversing the averment of performance by the plaintiff stated in the declaration. Verification.

Replication to the second special plea, admitting the several payments mentioned in it, and averring that at the time mentioned in the plea N. A. Lowry and A. U. Baldwin held the title to the said land, and were bound by a contract with the plaintiff to convey it in fee to him on his paying the sum which he had contracted to pay them therefor, of which the defendant had notice; that upon the defendant's requiring a conveyance from him as mentioned in the plea, he, the plaintiff, applied to Lowry and Baldwin for a conveyance according to their contract with him, and that within a reasonable time thereafter, to wit, on the 14th day of January thereafter, L. and B. conveyed the land to him, the plaintiff, by deed in fee with warranty, and that *afterwards* the plaintiff and his wife executed and acknowledged the deed which the defendant had tendered for execution, and in a reasonable time after the defendant had tendered the deed for execution, to wit, on the 15th day of January, 1845, the plaintiff offered and tendered the deed so executed and acknowledged to the defendant, and requested him to accept it and to pay the amount due upon his contract, but he refused to accept the deed or to pay the money. The defendant demurred to the replication, and the plaintiff demurred to the first special plea. Joinders.

*M. Burnell,* for the plaintiff.

*C. Tucker,* for the defendant.

*By the Court,* WHITTLESEY, J.   The second special plea to which a replication has been put in seems to present substantially a good defence to the declaration.   In *Robb* v. *Montgomery,* (20 *John.* 15,) it is said that if the party whose duty it is to pay, offers to do so, on receiving a good title, it must be made to him or the contract will be rescinded.   This plea seems to have been drawn according to the doctrine of that case.   The contract, by its terms, had long since expired.   All the payments had been due for several years, and the vendor might have demanded the whole purchase money by tendering a deed.   And the vendee might have demanded a conveyance on tendering payment.   The vendee takes the first step by demanding a conveyance and tendering payment.   In such cases it is understood that the vendee is not bound to prepare a conveyance and tender it for execution, but he may demand the execution of a conveyance, offering payment, and after a reasonable time had elapsed upon a second demand, if a conveyance has not been prepared, he may consider the contract broken. While it is not the duty of the vendee to prepare the conveyance, still he may do it for the purpose of expediting the result and tender it for execution, and thus the vendor must determine more speedily than in the other case.   (*Fuller* v. *Hubbard,* 6 *Cowen,* 13; *same case* 7 *id.* 53; *Hackett* v. *Huson,* 3 *Wend.* 249; *Connelly* v. *Pierce,* 7 *id.* 129; *Blood* v. *Goodrich,* 9 *id.* 79.)

In this case the plea avers the preparation of a conveyance according to the requirements of the contract; a demand of its execution with an offer to pay and a refusal to execute such conveyance or any conveyance.   This is clearly a good answer to the defendant's liability on the agreement.   And though this plea might be bad for duplicity if the objection was taken to the plea itself by special demurrer, yet as the plaintiff instead

of demurring for this cause, has replied, this defect in the plea, if it exists, cannot be urged here.

The replication hardly furnishes a good answer to the second plea. It is not material that the plaintiff, when he contracted to sell to the defendant, had not a legal title, but only an agreement for a title, or that the defendant knew that fact. If the fact was so, it was the duty of the plaintiff to have perfected his legal title, as doubtless he expected to do, by the time he was required to convey to the defendant by his contract with him, or some four years after the date of such contract. All that the defendant could require was that the plaintiff should be .able to give him a good title, and actually give him one after all the payments had become due, upon his making such payments. After that time the defendant had a right at least to a conveyance upon offering to pay the whole of the purchase money. The plaintiff, upon the deed being tendered to him for execution, had doubtless a right to keep it a sufficient time to see that it comported with the contract, &c. but he certainly was not entitled to time to get the title from some other person with whom he had contracted. To obtain it might require a long litigation in chancery, for the termination of which the defendant could not be compelled to wait. While it is possible the plaintiff might be allowed some little time to execute the deed, yet the reasons given in the replication for not executing it at once, are not good legal reasons, and hence the demurrer to the replication appears to me to be well taken. If the replication had merely averred that the deed was executed and tendered in a reasonable time, it might have been sufficient and have offered a proper issue ; but when this averment is coupled with the allegation that he procured the conveyance from his grantor in a reasonable time, the question would probably be put to the jury as to the reasonableness of the time for obtaining the deed from the grantor, when the true question would or should be as to the reasonableness of the time for delivering the deed simply, disconnected with the time for obtaining it.

To the third plea of the defendant there is a demurrer by the plaintiff. I think this plea is double, inasmuch as it sets up

an offer to perform on the part of the defendant, and a want of title in the plaintiff, and also an encumbrance by mortgage. (*Connelly* v. *Pierce*, 7 *Wend.* 129.) This objection is assigned as a cause of demurrer.

I think, therefore, that there should be judgment for the defendant on the demurrer to the replication to the second plea, and for the plaintiff on the demurrer to the third plea.

Ordered accordingly.

