Grover, J.
By the assignment of Williams to the defendant of his contract with the plaintiff, and the undertaking of the former upon a sufficient consideration with Williams to perform the same on his part, the defendant became liable to the plaintiff, the same as though he had originally contracted with him instead of Williams. The plaintiff insists that, upon performance by him he was entitled to be paid $23,000 ; $14,000 of which, at the option of the defendant, might be paid by conveying to him a house and lot, as specified in the contract. But, in case of the failure or neglect of the defendant to make the conveyance, he is entitled to be paid the "whole sum in cash.
*371 On the part of the defendant it is insisted that, upon performance of the contract by the plaintiff, he is entitled to the payment of $9,000 in cash, as provided by the contract, and to the conveyance of the house and lot, as specified in the contract, and, in case of the refusal of the plaintiff to convey, his only remedy is to enforce a specific performance of tin's part of the contract, or a recovery of damages for the breach, which would be the value of the lot at the time of the default of the defendant to convey, as required by the contract. The solution of this question must be determined by the construction of the contract. By - that the plaintiff undertook to furnish all the building stone and brown sand necessary for the erection of fourteen houses upon the lots of the defendant, and to do certain filling, specified in the contract, for the sum of $23,000, to be paid and accepted as follows: By conveying to him, or his assignees, by deed, etc., the second of said houses easterly from Fifth avenue, on the northerly side of Seventy-fourth street, describing the lot and the provisions of the deed by which, and the incumbrances subject to which the same was to be conveyed, and $9,000 cash, to be paid as specified in the contract. As to the latter, no question is made by the parties. As to the former, the question is, whether the defendant’s contract is simply to convey the house and lot, as specified in the contract, or whether he is bound to pay the plaintiff $14,000 in cash, in ease of his neglect or inability to convey as required.
The plaintiff insists that the contract gives him no right to enforce the specific performance of a conveyance of the lot. He relies upon the case of Pinney v. Gleason (5 Wend., 393), to sustain this position. It was there held that, upon a note by which the maker promised to pay $79.50, in salt at fourteen shillings per barrel, at a time specified, there could only be a recovery, upon default of the maker, of the sum therein specified. The case shows that this conclusion was based upon a construction of the contract, from which it was held that the sum specified was the amount *372 actually due from the maker to the payee, and that the provision for the payment, otherwise than in cash', was intended for the benefit of the debtor only, and, consequently, it was optional with him to make the payment in the manner provided ; and that, in case he failed so to do, he must pay the sum in money, and was not obliged to pay the actual value of the salt. Upon the construction put upon the contract, the legal rule, as to the obligation and rights of the parties, was clearly right. Numerous other cases, involving the same question, are cited by the counsel for the plaintiff, but they were all disposed of upon the principle applied in Pinney v. Gleason. But they do not determine what is the true construction of the contract in the present case. TJpon a careful consideration of the language of the contract, I am satisfied that it was the intention of the parties that the, plaintiff • was to have the lot, subject to the conditions specified in the contract, and $9,000 cash, in consideration of performance of the contract on his part. That the sum of $23,000, to be paid to him, was inserted, not as the amount to be actually paid to him, but rather as fixing what was the supposed value of the interest in the lot to be conveyed, which the contract shows was assumed to be $14,000. The plaintiff had the right to enforce the conveyance of this lot, and, in case of the • inability or refusal of the defendant to convey it, as specified in the contract, to recover its value, although exceeding the sum of $14,000. The .language of the contract shows that this was the intention of the parties, and the law requires that this intention should be carried into effect.
The counsel for the plaintiff insists that, if this be so, such-relief should have been given in this proceeding to foreclose the lien. An examination of chapter 500 (page 850), of the laws of 1863, under which the proceedings were had, will show that this could not be done. The proceeding is entirely statutory, and the court can exercise no power except such as is conferred by the statute. That confers power only to determine the amount due the lienors, the priority of their respective liens, to order a sale of the property subject to the liens, and *373 distribute the proceeds according to the rights of the parties, and to give a personal judgment in the proper cases against the parties liable to pay the amount found due, and issue execution against such parties for its collection. Ho power is given to decree the performance of any other act, or process for the enforcement of any such decree. It is true that a lien may be filed, and the same enforced, where judgment is to be paid otherwise than in money. (Philips on Mechanics’ Liens, § 129.) But, in such eases, the court must determine the amount that is to be paid in money, and then proceed in the same manner as though such amount had been required to be so paid by the contract. In the present case, the defendant agreed to convey to the plaintiff a specified lot. But the plaintiff had made no demand of the deed, or shown any inability of the defendant to make the conveyance. The defendant was not, therefore, in default, for not having made the conveyance. (Hudson v. Swift, 20 J. R., 24; Fuller v. Hubbard, 6 Cow., 13; Camp v. Morse, 5 Denio, 161; see, also, Sugden on Vend. [8th Am. ed.], 358.) The plaintiff was not, therefore, entitled to a judgment for the value of the lot to be conveyed.
It is no answer to this that the proceedings of the plaintiff to foreclose the lien were hastened by the defendant, as provided by the act. He should have taken care, before doing so, to be able to prove the inability of the defendant to convey, or to put him in default by demanding a deed.
The referee rightly dismissed the complaint in respect to the lot, leaving the plaintiff, unembarrassed to pursue his remedy in respect thereto before the proper tribunal, and the judgment of the General Term, affirming this judgment, must be affirmed, with costs. •
All concur.
Judgment affirmed.