JOHN J. WEAVER AND J. SELLERS PENNOCK v. GEORGE DEMUTH AND CHARLES R. HASKINS, BUILDERS, AND WILLIAM C. SCUDDER AND ROBERT C. COOK, OWNERS.

1. Where, by a building contract, the material men agree to take in payment second mortgages upon some of the houses, and it does not appear that demand has been made for such mortgages, or that there is inability to give them, no action can be brought under the statute for a mechanics' lien.

2. Such contract is a waiver of the statutory lien.

The plaintiffs, Weaver & Pennock, made a contract in writing with Demuth and Haskins, to furnish plumbing and gas fitting work and materials for thirty-four houses on Linden street, Camden. The work was done and materials furnished under the contract, by the plaintiffs, and they received from the defendants $7500, part payment, in second mortgages, which were credited on account of certain of the houses, which were released. The other defendants, Scudder and Cook, became owners of several of these houses, in payment for materials furnished by them for these buildings, among others of house No. 417 Linden street, against which a me-

chanics' lien was filed by the plaintiffs, for work and materials furnished for it under the above contract.

A verdict for the plaintiffs was rendered, a rule to show cause granted, and the question of law involved certified to this court for their advisory opinion.

Argued at February Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiffs, *C. A. Bergen.*

For the defendants, *S. H. Grey.*

The opinion of the court was delivered by

SCUDDER, J. The contract gives as the terms of payment for work and materials, that "the parties of the first part are to receive the sum of two hundred and sixty dollars per house, payment at the aforesaid rates to be made by second mortgages of one thousand dollars each, over a first mortgage of twenty-five hundred dollars, on the aforesaid thirty-four houses, said mortgages to be transferred to the parties of the first part, in sums of one thousand each, for every one thousand dollars' worth of material and labor furnished to the buildings."

There is some confusion and uncertainty in the language used in this part of the contract, but the general meaning is clear that the parties agreed that the plaintiffs were to be paid· for their work and materials furnished for these houses, in second mortgages of $1000 each, secured on some of these same houses and lots.

The question certified is, whether the plaintiffs are not limited to the security of the mortgages named in this contract, for the work done and materials furnished by them under its provisions.

The action is brought to enforce the statutory mechanics' lien, because the plaintiffs have not received the mortgages promised in the agreement.

The decision of the question proposed may be rested on the case of *Burrows* v. *Baughman*, 9 *Mich.* 213, which was the judgment of a court of well recognized authority. In a similar case it was there held that the statute creates no lien where the parties, by their contract, provide for a different security upon the same land, for the same debt which the lien would otherwise secure.

The agreement for a particular kind of lien upon the same property, to which the mechanics' lien would usually attach, must necessarily be exclusive of all other liens. Such must evidently be the purpose when the agreement is made, though they may not state it in express words, and such would be the construction which others, in dealing with the property, would ordinarily put upon it. In legal effect the contractor waives his lien to obtain another in a different form. This he may do if he choose, for this is a statute designed for the benefit of individuals of a particular class, and not for general objects, hence its benefits may be waived. *Quick* v. *Corlies*, 10 *Vroom* 11.

There are building contracts which stipulate for the payment in money, property, notes or other securities, and all are equally good, and the statutory remedy is available unless by the terms it is excluded. Thus, if notes be given and the credit be extended beyond the time for bringing the action, the remedy by lien is lost, because it is inconsistent with the statute. So, as in this case, if the bargain is made for a specific lien on the same property, another lien for the same debt by statute must be waived, because of its inconsistency. It was conceded, on the argument, that this would be the effect if the contract were executed; but as it is executory, it was contended that the plaintiff may well resort to his remedy under the statute.

This subject is well treated in *Phillips on Mechanics' Lien*, §§ 129, 280, 285. He says, in general terms, it would be going too far to say that the builder must have intended to waive the lien in the event of the refusal to comply with the agreement. But he cites the above case as an exception.

This general rule as to waiver will be ordinarily true, but suppose the builder bargains for a specific lien on the property improved by his labor and material, may he, for any reason excepting fraud, rescind his contract and claim another form of lien, given him by statute? This case, in my judgment, stands on the contract made between the parties, and the remedy for its breach must be sought within and not outside of it. The contractor must obtain the lien promised, or its equivalent in damages, and not the lien by statute which he has constructively agreed to abandon without any condition or reservation.

In *Gardner* v. *Hall*, 29 *Ill.* 277, there was an agreement between the builders and the owner to extend the time of payment beyond a year, provided a mortgage should be given. It was held that this would not defeat the mechanics' lien, if the mortgage should not be executed, because the giving of the mortgage was a condition precedent. That is not this case.

The general rule is given in *Peyroux* v. *Howard*, 7 *Pet.* 324, that an express contract for a specific sum is not a waiver of the lien of material men, but to produce that effect the contract must contain some stipulations inconsistent with the continuance of such lien, or from which a waiver may fairly be inferred. In that case, the waiver was by giving credit beyond the time when a vessel might be expected to sail.

The statement of the present case is defective, and hardly presents the question certified in such form that it can be decided. There is no allegation or proof that payment in the mode prescribed by the contract has been withheld on demand made therefor. If so, the builders could not be sued, nor can the present owner's lands be subjected to the lien.

In *Dowdney* v. *McCollom*, 59 *N. Y.* 367, there was a contract for work and materials for the sum of $23,000, part to be paid by conveyance of a house, subject to encumbrances, and $9000 to be paid in cash, as therein specified. The question raised in an action to foreclose the mechanics' lien, under

the law of 1863, was, whether the defendant's contract was simply to convey the house and lot as specified in the contract, or whether he was bound to pay the plaintiff $14,000 in cash, in case of his neglect or inability to convey as required. It was decided that there could be no decree, under the statute, for a specific performance, but that the court might determine the amount that was to be paid in money, and then proceed as if such amount had been required to be paid by the contract. This was on the construction of the exact words of the contract, citing the leading case of *Pinney* v. *Gleason*, 5 *Wend.* 393, and others. But it was further held that as the plaintiff had made no demand of the deed, or shown any inability of the defendant to make the conveyance, the defendant was not in default, and there could be no re covery. This state of the case shows no default or inability to comply with the terms of the agreement.

Upon the facts stated there should be no recovery by the plaintiff, and the Circuit Court is so advised.