JAMES S. GLENN, Respondent, v. CHARLES ROSSLER and RICHARD R. DITZEL, Appellants.

*Dependent and independent covenants — contract to sell real estate — defective title excuses vendee — in an action at law the vendor is not entitled to time in which to obtain title.*

Covenants are to be construed as dependent or independent according to the intention of the parties and the good sense of the case; technical words must give way to such intent.

Although where payments are to be made in installments, under contracts for the purchase of lands, the covenants to pay are independent and the vendor can

sue on each installment as it matures, yet when the last installment becomes due the payment of the money and the conveyance of the land become dependent acts.

Where the vendor has not title, or has a defective title, any precedent condition on the part of the vendee, such as tendering payment or security, need not be fulfilled.

Where the vendee brings an action at law to recover past payments made upon a contract for the purchase of land, the title to which proves to be defective, the vendor is not entitled to further time in which to procure a title from the real owners.

In such an action the contract provided for the payment of certain installments and then stated that the vendors "shall, after the payments mentioned herein are fully made on this contract, at their own proper cost and expense, execute and deliver to the said party of the second part a good and sufficient warranty deed," and also a tax and title search showing good title. It then provided that the vendee should execute a mortgage for the balance of the purchase money. On the day fixed for performance the vendors had no title to convey, and on that day the vendee tendered the requisite payment, but qualified the tender by demanding a deed in return.

*Held,* that the vendee was entitled to recover the installments which he had paid;

That the vendors were not entitled to time in which to perfect their title;

That as the action was for the rescission of a contract between the plaintiff and the defendants, and for the destruction of the contract itself, it was immaterial, so far as the rights or liabilities of the defendants were concerned, that the vendee had conveyed part of his rights under the contract to a third person;

That as the vendors could not convey the vendee was relieved from any duty to tender the bond and mortgage which, by the terms of the contract, were to be given by him as part payment, and security for the payment, of the balance of the purchase price.

APPEAL by the defendants, Charles Rossler and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 24th day of April, 1894, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 18th day of May, 1894, denying their motion for a new trial made upon the minutes.

*Charles F. Tabor,* for Ditzel, appellant.

*John M. Chipman,* for Rossler, appellant.

*Tracy C. Becker,* for the respondent.

WARD, J. :

The defendants contracted to sell to the plaintiff about 130 acres of land located on the Niagara river in Erie county, on the 11th day of March, 1893, for $138,347, $1,000 of which was to be paid in seven days; $5,000 April 15; $10,000 July 1, and $10,000 October 1, 1893, with interest at the rate of six per cent per annum on all sums remaining unpaid at each payment; and the contract further provided that: "The party of the first part (the defendants) shall, after the payments mentioned herein are fully made on this contract, at their own proper cost and expense, execute and deliver to the said party of the second part (the plaintiff) a good and sufficient warranty deed of said premises, and at the time deliver to the second party a tax and title search made by one of the guaranty search companies of the city of Buffalo, showing good and perfect title ; and at the time deed to said premises is executed and delivered by the first parties to the second party, the party of the second part agrees to execute and deliver to first parties a bond and mortgage for the sum of one hundred and twelve thousand three hundred and forty seven ($112,347) dollars, due and payable six years from October first, 1892, with interest at the rate of six per cent per annum, payable semi-annually."

The defendants did not have title to the premises they had thus contracted to sell; they had only a contract to purchase from a widow who had a life estate simply in them, the fee of the land being in her eleven children, five of whom were infants. All of the payments due before the first of October from the plaintiff under his contract were made except the sum of $3,000 of the July payment, which the jury found had been extended by the agreement of the parties until October first. The first being Sunday, the parties agreed to transact the business hereafter stated on Monday, October second. On that day the plaintiff tendered to the defendants, in money, $17,330 due by the terms of the contract ðn October first, including the accrued interest, and demanded a deed of the defendants of the premises, pursuant to the contract. The defendants stated, in effect, that they were unable to give title as they had contracted to do, and asked delay to procure it of the owners, and that the money be deposited in a bank to await their procuring such title. This the plaintiff refused to do and retained

the money, and the next day demanded of them the repayment of the moneys he had advanced upon the contract to the defendants, which amounted to about $13,000. This the defendants declined to do, whereupon this action was brought by the plaintiff to recover, among other things, the moneys so demanded and interest.

The principal contention of the defendants here is that the payment of the money due October first was a condition precedent under the contract, to the right of the plaintiff to a deed; that he could not make such payment dependent upon the deed being delivered to him, and this was so notwithstanding the want of title in the defendants, as the covenants to pay and to deed were independent and not dependent covenants. This involves a consideration of the clause in the contract above quoted. We think the fair inference from that clause is that the deed was to be executed the same day as the payment, and the plaintiff was to have a tax and title search, the object of the search being to assure the plaintiff that the defendants had title before he should be required to pay the large sum of money due that day. When the title was shown, the payment of the money, the execution and delivery of the deed by the defendants and of the bond and mortgage by the plaintiff was the natural sequence. This view is strengthened by the fact that the bond and mortgage were payable with interest from October first, and this is the true construction notwithstanding the provision as to the deed being given "after the payments mentioned herein are fully made upon this contract." In determining the exact force of these words we must examine the whole instrument and consider the object the parties had in making it. Covenants are to be construed as dependent or independent according to the intention of the parties and the good sense of the case. Technical words must give way to such intent. (*M'Crelish* v. *Churchman*, 4 Rawle, 26; *Bredin* v. *Agnew*, 3 W. & S. 300; *Wright* v. *Smyth*, 4 id. 527.)

Although where payments are to be made in installments under contracts for the purchase of land the covenants to pay are independent, and the vendor can sue on each installment as it matures, yet, when the last installment becomes due, the payment of the money and the conveyance of the land become dependent acts. (*Beecher* v. *Conradt*, 13 N. Y. 108; *Johnson* v. *Wygant*, 11 Wend. 49; *Grant* v. *Johnson*, 5 N. Y. 247; *Eddy* v. *Davis*, 116 id. 247.)

In the first case cited the vendor covenanted to convey if the vendee faithfully performed his covenants, among which was the payment of five annual installments of the consideration; and in the second case the covenant was " and upon the payment thereof (the consideration) I am to receive from the said Johnson a good warrantee deed of said land." The rule in these cases is applicable here as the deed was due October first.

In *Robb* v. *Montgomery* (20 Johns. *15, 20), a case largely running through the books, the Supreme Court lays down the rule in this language : " In the first case the conveyance and payment are to be simultaneous acts, and there then must be an existing capacity in the one who is to convey to give a good title. In the other case, where the payments are to precede the conveyance, it is no excuse for non-payment that there is not a present existing capacity to convey a good title *unless the one whose duty it is to pay offers to do so on receiving a good title, and then it must be made to him or the contract will be rescinded.*"

Later cases (*Holmes* v. *Holmes*, 12 Barb. 137; affd., 9 N. Y. 525; *Lawrence* v. *Taylor*, 5 Hill, 107, 115, and cases there cited) hold that where the vendor has not title, or defective title, any precedent condition on the part of the vendee need not be fulfilled, such as tendering payment or security, and the court, in the last case, says that to require such a performance in such a case would be " a most idle act."

This is the doctrine of the English courts, and seems to be well sustained by reason and authority.

In *Sir Antony Maynie's Case* (1 Croke, 479) Sir Antony leased to Scot for twenty-one years by indenture, and covenanted that at any time during Scot's life, upon surrender of his lease, Sir Antony would make a new lease, and gave a bond to perform this covenant. In debt on the bond by Scot against Maynie, the latter pleaded that Scot did not surrender. Scot replied that Maynie after the lease had granted the reversion to another for eighty years, and on demurrer judgment was given to the plaintiff. The court held " that Maynie had broken his covenant without a surrender because he had disabled himself, and the law will not enforce any one to do a thing which will be vain and fruitless; *and although the lessee by the words was to do the first act,* yet, as the lessor had disabled him-

self, his covenant was broken without that act." This reasoning has never been answered. Whether we apply to the defendants' contention the rule just stated, or the stricter one in *Robb* v. *Montgomery*, it cannot prevail as the plaintiff made the proper tender of the money and demand for a conveyance at the time fixed by the contract.

The defendants insist that they are entitled under the contract, or if not by that, by virtue of some parol understanding, to time to procure title of the owners. This is an action at law for the recovery of the money paid by the plaintiff. The complaint, we think, notwithstanding the defendants' criticism of it, embraces the cause of action, and it is unimportant whether it embraces others or not. It was said by some of the witnesses that proceedings were on foot to obtain title from the infants through the court, but it did not appear that the court had confirmed any sale of the infants' property, and as a matter of fact the title of the infants was not secured until long afterwards; certainly the plaintiff could not be delayed in obtaining his title by a proceeding so full of uncertainty as this. He was entitled to his deed and title on the first of October, and the defendants then being unable to furnish it, the plaintiff could rescind the contract, which he did, and recover the money which he had advanced upon it. (*Northridge* v. *Moore*, 118 N. Y. 419, 422, and cases cited.)

Where the vendor is without title he has no right to time to acquire it after the deed is due. (*Camp* v. *Morse*, 5 Den. 161.)

The defendants complain of the charge of the court in regard to the written agreement of August thirty-first (which provided in effect that there would be $17,330 due the defendants on the purchase of the land October 1, 1893). It is claimed that the court stated that that writing did extend the payment (which had been extended to September eleventh) to October first. It is difficult to conclude otherwise from this writing, as the $3,000 was in fact embraced in the $17,330, but be that as it may, when we take the whole charge together, no exception can prevail against it because it fairly submitted the question of extension to the jury.

The defendants also object because the plaintiff had, by contract, conveyed a half interest in the land to one Earnest, and that he could not rescind his contract with the defendants as long as that

interest was outstanding.  Whatever may be the rule in cases of fraud where there must be complete restoration by the party rescinding, the point is not well taken here, for the reason that the rescission is for a breach of the contract between the plaintiff and the defendants which destroys the contract itself, and any rights that Earnest may have had were dependent upon that contract and fall with it. At least Earnest has no claim against these defendants whatever he may have against the plaintiff.   The defendants, therefore, cannot object.

The defendants finally object that the plaintiff is in default for not tendering a bond and mortgage as well as the payment on October second as required by the contract.   Had the defendants been ready with their deed and title the plaintiff was bound to have executed and delivered the bond and mortgage, but as there was no title to deed there was none to mortgage and the declaration of the defendants that they could not deed relieved the plaintiff from tendering the bond and mortgage.   We find no reversible error upon this appeal and the judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment and order affirmed.