JAMES C. DALY, Appellant, *v.* ELIZA A. BRUEN, Respondent.

*Contract of sale of real property — change to a prior date of the time for perform-
ance — a second tender on the date fixed by the contract is unnecessary — a tender
is not necessary where the vendor's title is defective.*

The date of performance specified in a contract for the sale of real estate may, by
consent of the parties, be changed to a prior date; and if upon such prior date
the vendee tenders performance, and the vendor concedes his inability to per-
form, it is not necessary for the vendee to renew his offer to perform on the
date stipulated in the contract in order to place the vendor in default.

Where the vendor in such a contract covenants to convey a good title, and has
none or only a defective one, any condition precedent on the part of the vendee,
such as tendering payment or security, need not be fulfilled in order to entitle
the latter to maintain an action to recover damages for the breach of the
contract.

APPEAL by the plaintiff, James C. Daly, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Washington on the 7th day of March, 1903, upon the dismissal of the complaint by direction of the court after a trial at the Washington Trial Term.

The action was brought by a contract vendee of real property to recover the damages resulting from the vendor's inability to convey a good title to it.

*Erskine C. Rogers,* for the appellant.

*D. J. Sullivan,* for the respondent.

HOUGHTON, J.:

On the 23d of November, 1901, the defendant entered into a contract with the plaintiff to sell to him free and clear from incumbrances, certain real property for the sum of $900 payment, and the giving of a bond and mortgage for the balance, to be made on the first day of April following. In case of the failure of either party to perform, damages were stipulated at the sum of $100. Shortly before the first of April, the defendant, objecting to going to a lawyer's office on the first of April, requested that a day be appointed before that time to close up the matter. In pursuance of that request the plaintiff wrote the defendant a letter appointing the thirty-first of March, and naming an attorney's office. The defendant sent her husband to represent her at the appointed time and place.

On that day there confessedly existed incumbrances on the land to be conveyed, consisting of a durable lease and a covenant of yearly payment and support of the defendant's grantor. In addition to this, the defendant's grantor was under proceedings to declare him incompetent, instituted shortly after the giving of the deed to the defendant. The plaintiff told the defendant's husband that he was ready to fulfill his contract and take the deed if the defendant could give him a good title, and they finally agreed upon an attorney to whom should be submitted the matter of title, the plaintiff announcing his readiness to pay and take the deed, provided the attorney said the title was good. After discussion the attorney advised that the title was bad by reason of the incumbrances. The parties then left the attorney's office, the defendant's representative expressing his regret that the transfer could not be made, but concurring in the conclusion that it would be impossible to give a good title.

We think the granting of a nonsuit was error. It is claimed that the plaintiff should have renewed his offer to perform on the day following, which was the one stipulated in the contract. The parties had the right to change the day of performance, and if they did change it the plaintiff was not obliged to present himself again on the day formerly agreed upon. It was at least a question for the jury whether the defendant, through her representative, had not conceded that a title free and clear from incumbrances could not be given, and acquiesced in the conclusion that the contract on her

part could not be fulfilled, as well as whether or not the parties agreed to postpone the fulfilling of the contract until the termination of the lunacy proceedings against defendant's grantor, or whether plaintiff by his acts led defendant to believe that he consented so to do. If these questions should have been decided in favor of the plaintiff, then it was not necessary for the plaintiff to prove payment or tender, for where a vendor has contracted to give good title and has none, or a defective one, any precedent condition on the part of the vendee, such as tendering payment or security, need not be fulfilled. (*Ziehen* v. *Smith*, 148 N. Y. 558, 562; *Lawrence* v. *Taylor*, 5 Hill, 108; *Morange* v. *Morris*, 3 Keyes, 48; *Glenn* v. *Rossler*, 88 Hun, 74, 78.)

It is urged that the $100 stipulated in the contract cannot be considered as liquidated damages, but must be deemed a penalty. It is not necessary to consider that question at this time. There must be another trial, upon which the situation can be fully disclosed. The plaintiff is presumed to have suffered some damage, if the defendant was guilty of a breach of the contract. Whether it is the amount stipulated by the parties or a lesser sum is not now for us to determine.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.