CEHIO v. FISCHER et al.

(Supreme Court, Appellate Division, Second Department.　March 24, 1911.)

MECHANICS' LIENS (§ 271*)—ENFORCEMENT—PLEADING—JOINDER OF COUNTS OR CLAIMS.

    A complaint in an action to foreclose a mechanic's lien, alleging that a part of the consideration expressed in the contract was to be paid by a conveyance of a portion of the premises, and asking for specific performance of such agreement to convey, states but one cause of action arising out of the original building contract, since the allegation as to the conveyance merely informs the court as to the amount due on the contract, and the prayer for relief by specific performance may be disregarded.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513; Dec. Dig. § 271.*]

Appeal from Special Term, Kings County.

Action by Angelo Cehio against Max A. Fischer and others. From an interlocutory judgment at Special Term, certain defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. C. Damron, for appellants.
Henry C. Frey, for respondent.

PER CURIAM. This is an action to foreclose a mechanic's lien, and the defendants have separately demurred to the complaint upon the ground that causes of action have been improperly united. It is probably true that the demand for judgment contains provisions beyond the power of the court to grant (Dowdney v. McCullom, 59 N. Y. 367); but we agree with the learned court at Special Term that "there is but one cause of action arising out of the original building contract." The fact that a part of the consideration expressed in the contract was to be paid by the conveyance of a portion of the premises, which was refused, and that such conveyance is asked for in the complaint, does not constitute this an action for specific performance. This allegation of fact merely places the court in the possession of the necessary information to properly determine the amount due upon the contract under which the lien was acquired, and the prayer for relief by way of specific performance may be disregarded.

The interlocutory judgment appealed from should be affirmed, with costs.