(159 App. Div. 351.)

TANZER v. BANKERS' LAND & MORTGAGE CORPORATION et al.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

1. VENDOR AND PURCHASER (§ 111*)—RESCISSION OF CONTRACT—GROUNDS—BREACH BY VENDOR.

Where a corporation having only two stockholders agreed to convey, in consideration of a sum payable in installments running over five years, when a warranty deed was to be executed, a subsequent conveyance to such stockholders upon dissolution and continuance of business as a partnership, in order to facilitate performance of the contract, was not ground for rescission by vendee; vendor not being in default until time for conveying, and tender of the purchase money and demand for a deed, and the conveyance being in recognition and not in repudiation of the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 198; Dec. Dig. § 111.*]

2. VENDOR AND PURCHASER (§ 129*)—TITLE CONVEYED.

A vendor under an executory contract to convey discharges his obligation if, at the date fixed for the delivery of the deed, he is able and willing to convey a marketable title, irrespective of whether he theretofore had title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 238–244, 249; Dec. Dig. § 129.*]

3. CORPORATIONS (§ 617*)—DISSOLUTION—WINDING UP BUSINESS.

In view of General Corporation Law (Consol. Laws 1909, c. 23) § 221, subds. 2 and 3, continuing a dissolved corporation for the purpose of discharging its obligations and winding up its affairs, two sole stockholders of a corporation had power after its dissolution to execute a conveyance under a contract to convey theretofore made by the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2448–2456; Dec. Dig. § 617.*]

4. COVENANTS (§ 79*)—WARRANTY DEED.

A covenant of title in a warranty deed runs with the land, so that a subsequent remote grantee, injured by its breach, may sue the maker.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 78–82; Dec. Dig. § 79.*]

5. APPEAL AND ERROR (§ 1176*)—DISPOSITION.

Under Code Civ. Proc. § 1317, as amended by Laws 1912, c. 380, authorizing the Appellate Division to modify the judgment or order and render judgment of affirmance, reversal, or modification, or grant a new

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial, the Appellate Division, upon reversal of judgment for plaintiff, may direct a dismissal of the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4588–4596; Dec. Dig. § 1176.*]

Appeal from Trial Term, New York County.

Action by Julia Tanzer against the Bankers' Land & Mortgage Corporation and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed, and judgment directed dismissing complaint.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles F. Brown, of New York City, for appellants.
Raphael Link, of New York City, for respondent.

McLAUGHLIN, J. Action to recover damages for an alleged breach of a contract dated April 16, 1906, by which the Bankers' Land & Mortgage Corporation agreed to convey certain real estate to the plaintiff and her husband, Jacob Tanzer.

The complaint alleged a breach of the contract in that the corporation fraudulently and in bad faith conveyed the property to J. Parker Sloane and Louise N. Higham. The defense was that this conveyance was not made in repudiation of the contract with plaintiff and her husband but with full recognition of their rights thereunder, and that Mr. Sloane and Mrs. Higham held the property for their benefit and were able, ready, and willing to perform. By the terms of the contract, which was annexed to and made a part of the complaint, the mortgage corporation agreed to sell and convey to the plaintiff and her husband, and they agreed to purchase, the land described therein for the sum of $4,485. The purchase money was to be paid, in installments, $500 upon the execution of the contract, $500 within six months thereafter, and from that time $30 monthly for five years, at the end of which the balance was to be paid and a full covenant warranty deed given.

At the trial it appeared that the vendees did not make the payments as provided in the contract, and on the 16th of April, 1911, the day when, by the terms of the contract, the balance of the purchase price was to be paid and the deed delivered, there were due from the vendees installments amounting to $1,685. It also appeared that the mortgage corporation had but two stockholders, the defendants Sloane and Sicard, each of whom owned 50 per cent. of its capital stock; that in November, 1909, they determined to, and on the 18th of that month did, dissolve the corporation and thereafter continued the same business as a partnership. On the day of, but prior to the dissolution of the corporation, it conveyed, by full covenant warranty deed, the land covered by the contract with the plaintiff and her husband to Mr. Sloane and Mrs. Higham, Mr. Sicard's sister. The conveyance was made to them for the purpose of facilitating the conveyance under the contract in question. On the 16th of April, 1911, the day fixed for the closing of the contract, Sloane and Sicard had a deed executed

by Sloane and Mrs. Higham, which complied in all respects with the provisions of the contract, ready to be delivered to the plaintiff. Her son, who transacted the business for her, was notified of that fact and a request made that the balance of the purchase money, or at least a substantial part thereof, should be paid. No further payments were made, and on the 2d of May, 1911, notice was given to the plaintiff to the effect that the vendor elected to terminate the contract. Neither party did anything thereafter until February, 1912, when this action was commenced.

The trial court held, upon the foregoing facts, that the conveyance by the corporation to Mr. Sloane and Mrs. Higham of the land covered by the contract gave the plaintiff the right to rescind the contract and recover back the moneys paid thereon, together with interest from the date of each payment, and he directed a verdict in favor of plaintiff for this amount. The defendants appeal from the judgment entered thereon and an order denying a motion for a new trial.

[1] I am of the opinion that the court erred in directing a verdict in favor of the plaintiff. Upon the undisputed facts she was not entitled to recover, and her complaint should have been dismissed. There had been no breach of the contract upon the part of the vendor. By the terms of the contract all the covenants on the part of the plaintiff for the payment of the installments of the purchase money, except the last, were independent, and, had an action been brought against her to recover them, the fact that the vendor did not have title to the land would not have constituted a defense. Harrington v. Higgins, 17 Wend. 376; Camp v. Morse, 5 Denio, 161; Robb v. Montgomery, 20 Johns. 15; Wamsley v. Horton, 77 Hun, 317, 28 N. Y. Supp. 423; Dresel v. Jordan, 104 Mass. 407. It was not until the 16th of April, 1911, when the last payment became due, that it and the delivery of the deed became dependent acts. Beecher v. Conradt, 13 N. Y. 108, 64 Am. Dec. 535; Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362. The vendor, therefore, owed the vendee no duty under the contract except to convey, at the time fixed for closing a marketable title to the land described. He was obligated to do this only upon full payment of the purchase money, and he could not be put in default unless such money were paid or tendered and a deed demanded.

[2] The rule is well settled that one who enters into an executory contract for the sale and conveyance of land fulfills his obligations thereunder if, at the date fixed for the delivery of the deed, he is able and willing to convey a marketable title, and this irrespective of the question whether he had title at the time the contract was executed or at any time thereafter. Harrington v. Higgins, supra; Robb v. Montgomery, supra. The conveyance by the mortgage corporation did not constitute a ground for rescission because such conveyance was made in recognition and not in repudiation of the contract with the plaintiff. Robb v. Montgomery, supra; Greenby v. Cheevers, 9 Johns. 126; Eddy v. Davis, supra; Hawley v. Keeler, 53 N. Y. 121; Joyce v. Shafer, 97 Cal. 335, 32 Pac. 320; Shively v. Semi-Tropic Land & Water Co., 99 Cal. 259, 33 Pac. 848; Garberino v. Roberts, 109 Cal. 125, 41 Pac. 857.

In Robb v. Montgomery, supra, the action was to recover installments similar to those specified in the contract under consideration. The defense was that before the time fixed for the payment of the first installment the plaintiff conveyed the land in fee simple to one Bemis and assigned the contract to him, which the defendant alleged disabled the plaintiff from performing his agreement. To this the plaintiff replied to the effect that when the first payment became due Bemis was able, ready, and willing to convey in accordance with the terms of the contract. A demurrer was interposed to the reply, and in disposing of the same the court said:

"In the view of a court of equity Bemis was a mere trustee for the performance of the contract. Under the facts in the case he might be compelled to execute a deed to the defendant when the latter entitled himself to one by the payment of the purchase money. And, if the plaintiff's personal warranty was a valuable part of the contract, he had not disabled himself from uniting with Bemis in a warranty deed."

In the present case, when the mortgage corporation conveyed to Sloane and Higham, and they accepted the conveyance subject to the contract with the plaintiff and her husband, and in recognition of their rights thereunder, they thereupon became trustees for the performance of the contract. Had they refused to perform, the balance of the purchase price being paid or tendered, there can be no doubt that a court of equity could compel them to do so.

[3] It is urged that under the contract plaintiff is entitled to a full covenant warranty deed from the corporation, which cannot now be given by reason of its dissolution. The dissolution of the corporation was of no importance. It represented at most only Sloane and Sicard. They were in fact the corporation, since they owned all the capital stock. While the legal title, prior to the conveyance, was in the corporation, Sloane and Sicard were the beneficial owners, and when they dissolved it they thereupon became trustees for the creditors and stockholders and had power under the statute to wind up its business and affairs and carry out its contracts. The statute expressly provides that, when a corporation is dissolved, it nevertheless shall continue in existence for the purpose of discharging any existing debts or obligations and doing all other acts required in order to adjust and wind up its business and affairs. Gen. Cor. Law, § 221, subds. 2, 3.

[4] Besides, as we have seen, the corporation conveyed by a full covenant warranty deed, and, had plaintiff performed on her part and accepted the deed tendered, the covenant of the corporation would have inured to her benefit. A covenant of warranty of title runs with the land, and the maker may be sued by a subsequent grantee, however remote, who has been injured by the breach thereof. Geiszler v. De Graaf, 166 N. Y. 339, 59 N. E. 993, 82 Am. St. Rep. 659; Beddoe's Ex'r v. Wadsworth, 21 Wend. 120; Hunt v. Hay, 156 App. Div. 138, 140 N. Y. Supp. 1070.

[5] My conclusion, therefore, is that since the plaintiff, at the time the action was commenced, was in default, she could not rescind the contract without tendering the payment of the purchase money then due. This she did not do, and therefore, as already said, defendants'

motion for the direction of a verdict in their favor should have been granted and the complaint dismissed. This, I think, we can now do under section 1317 of the Code of Civil Procedure, as amended by chapter 380 of the Laws of 1912.

The judgment and order appealed from are therefore reversed, with costs, and judgment dismissing complaint directed, with costs. All concur.