Goelth *v.* White.

The result is, that if the action is to be treated as the action of the husband, the demurrer is well taken; for he has no interest in it. I am unwilling, however, to retain a technical difficulty of this nature, as I believe the code and the several statutes in relation to married women, have so far modified the rule of the common law as to give the wife a standing in court, which we are required to recognize and protect, against the common law marital rights of the husband. If the action is to be treated as her action, as I think it must be, then the objection cannot be reached by demurrer.

Order appealed from reversed.

[ONONDAGA GENERAL TERM, April 8, 1861. *Bacon, Allen, Mullin and Morgan,* Justices.]

———————◆———————

## GOELTH *vs.* WHITE.

Before a purchaser can rescind the contract of purchase and claim to recover back moneys paid by him on account of the price, he is bound to restore to the vendor the possession of the premises.

He cannot occupy under the contract, and thus enjoy the benefit of it, and at the same time treat it as rescinded, and reclaim the purchase money.

The money can only be recovered back when the contract has been rescinded in toto; and so long as the vendee is reaping the fruits of it, it is not wholly rescinded.

ACTION to recover about two hundred and fifty dollars, as so much money had and received to and for the use of the plaintiff. In 1857 the plaintiff had contracted to purchase of one Cogswell a tract of land of about 47 acres, 7 acres of which belonged to the defendant but was included in the contract of sale with his assent. In 1859 the plaintiff became entitled to about $2000 in money, upon certain policies of insurance, and assigned the claim to the defendant, who received the money thereon, and paid the same as di-

Goelth *v.* White.

rected, by and for the plaintiff, except the amount in dispute; and that was retained by the defendant as the first payment upon a contract then made, orally, for the sale of a part of the same 47 acres embraced in the first agreement, and which had been rescinded by the mutual assent of the parties. But the evidence was conflicting, and the referee did not find whether the verbal contract of sale was for the whole 7 acres, or only 4 of the 7 acres owned by the defendant. The money was applied in payment upon this contract with the consent of the plaintiff, and one object of assigning the claim upon the policies to the defendant was to enable him to receive the first payment upon the contract. The plaintiff was in possession of the 4 acres up to and at the time of the commencement of this action. He demanded a contract for the 7 acres, which the defendant refused to give, but offered to give a contract for the 4 acres, which the plaintiff refused to take, and brought this action to recover the money paid upon it. The referee gave judgment for the defendant, and from that judgment the plaintiff appealed.

*J. Molloy,* for the appellant.

*T. T. Davis,* for the respondent.

*By the Court,* ALLEN, J. The referee rested his decision upon the ground that the plaintiff should have surrendered the possession of the premises which he had taken and held under the verbal contract, before bringing the action. The first contract for the larger tract was evidently rescinded and abandoned by the consent of the parties to it. This was not controverted upon the trial, and is clearly evidenced by the negotiation and contract to purchase a part of the same premises of the defendant in 1859. The plaintiff continuing in possession of the four acres confessedly included in the second purchase, whether that was of the four acres only, or of the whole seven acres owned by the defendant, after the

second contract was made and the first given up, such possession must be referred to the contract in force, and not to the one that was defunct by the act of the parties. Before, then, the plaintiff could rescind the contract and claim to recover his money paid as a part of the purchase price of the premises, he was clearly bound to restore to the defendant the possession of the premises. He could not occupy under the contract, and thus enjoy the benefit of it, and at the same time treat it as rescinded, and reclaim the purchase money. The money can only be recovered back when the contract has been rescinded in toto ; and so long as the vendee is reaping the fruits of it, it is not wholly rescinded. Had the action been for a breach of the contract, the question would have been different. But without a surrender of the possession, the action will not lie. (*Gale* v. *Nixon,* 6 *Cowen,* 445. *Voorhees* v. *Earl,* 2 *Hill,* 288. *Hogan* v. *Weyer,* 5 *id.* 389.)

The judgment must be affirmed.

[ONONDAGA GENERAL TERM, April 8, 1861. *Bacon, Allen, Mullin* and *Morgan,* Justices.]