EDWARD D. JAMES et al., Appellants, *v.* JOHN J. BURCHELL, Respondent.

Plaintiffs contracted "to sell and convey, or cause to be conveyed," to defendant certain lots of which they covenanted that plaintiff S. was seized of in fee, for $11,000 each; upon each of which lots defendant contracted

to build a dwelling as specified, within eight months.   Plaintiffs agreed
to advance $4,000 on each house and to convey the lots when the buildings
were completed, by warranty deed, on receiving the purchase-price in
money or defendant's bonds secured by mortgages on the premises.   It
was also covenanted that plaintiffs might mortgage the lots for $15,000
each and convey subject thereto in lieu of the purchase-money.   Plaint-
iff, on the same day the contract was executed, conveyed the premises to
one F. by warranty deed, subject to no incumbrances.   Defendant there-
upon refused to erect the buildings or to perform the contract.   In an
action to recover damages for failure to perform, *held*, that plaintiffs, by
such conveyance, violated the contract and defendant was thereby released
from any liability under it.

Also *held*, that the fact that F. knew of the contract when he received his
deed, and that some months after, but before the expiration of the eight
months, he reconveyed to S., was not material; that defendant, with
knowledge of want of title in plaintiffs, was not bound to take possession
and proceed in the erection of the buildings.

(Argued June 17, 1880; decided September 21, 1880.)

APPEAL from judgment of the General Term of the Court
of Common Pleas in and for the city and county of New
York, affirming a judgment in favor of defendant, entered
upon a decision of the court on trial without a jury. (Reported
below, 7 Daly, 531.)

This action was brought to recover damages for the alleged
failure of defendant to perform a contract.

On January 11, 1871, the parties entered into a contract by
which the plaintiff, Sarah James, in consideration of one dollar,
agreed " to sell and convey, or cause to be conveyed," as there-
inafter stated, to the defendant, four lots of land in the city of
New York, for the sum of $11,000 for each lot.   It was further
covenanted that the defendant should commence the erection of
four houses upon the lots on or before February 10, 1871, and
complete the same within seven months from that date; the
plaintiffs to advance $4,000 on each house to aid in its erection,
and upon being paid and reimbursed the price of said lots and
advances thereon, either in cash or the bonds of the defendant,
secured by mortgages on the premises, then the plaintiffs agreed
" to convey or cause to be conveyed " the same to the defendant,
in fee by a full covenant warranty deed free from all reasona-

ble objections and from all incumbrances, except such incum-
brances as should be made, or caused or suffered to be made by
the defendant; the latter agreed to complete the contract and to
take title within eight months.   The plaintiffs also covenanted
that Sarah James was seized in her own right of a good title
to said premises in fee simple.   It was also agreed that the
plaintiffs at their election might mortgage each of said lots to
the amount of $15,000, and convey the same subject to said
mortgages in lieu of purchase-money for the same amount.

The court found that on the same day the contract was
made plaintiffs conveyed the premises by warranty deed to
Isaac B. Findull, subject to no incumbrances whatever.   De-
fendant never entered into possession of the premises, but re-
fused to erect the buildings because the plaintiffs could give
no valid title to the property.

It appeared that some months after, but before the expira-
tion of the eight months, Findull reconveyed to Mrs. James.
Findull was a former clerk of James, and the conveyance to
him was without consideration.   He knew at the time he re-
ceived the deed of the contract between the parties.

*E. H. Benn* for appellants.   The fact that a conveyance was
made to Findull was immaterial, for the reason that he knew
of the contract with defendant at the time he took his deed
and, therefore, took it subject to the defendant's rights.
(*Merithew* v. *Andrews*, 44 Barb. 201; *Laverty* v. *Moore*, 33
N. Y. 658; *Porter* v. *Parks*, 49 id. 564; *Champion* v. *Brown*,
6 Johns. Ch. 402, 403.)   Defendant had or was entitled to the
possession, which possession would have been notice to all the
world of his equitable rights, and no one could have acquired
any subsequent interest in the land prejudicial to him.
(*Grinestone* v. *Carter*, 3 Paige, 421; *Merithew* v. *Andrews*,
44 Barb. 201; *Flagg* v. *Mann*, 2 Sum. 554.)   In the absence
of any proof that it was delivered later, the contract must be
presumed and held to have been delivered on the day of its
date.   (*Seymour* v. *Van Slyck*, 8 Wend. 401; *Costigan* v.
*Gould*, 5 Denio, 293; 41 N. Y. 39.)

*Osborn E. Bright* for respondent.    The covenant of seizin was broken the moment the plaintiffs made the conveyance to Findull, and the defendant's obligation under the contract ended.    (*M'Carthy* v. *Leggett*, 3 Hill, 134; *Bingham* v. *Weiderwax*, 1 N. Y. 509; *Mott* v. *Palmer*, 1 id. 564; *Morris* v. *Phelps*, 5 Johns. 49; *Burwell* v. *Jackson*, 9 N. Y. 535.) The covenants of the plaintiffs and of the defendant, in the contract, were mutual and dependent.    (*Judson* v. *Wass*, 11 Johns. 527; *Tucker* v. *Woods*, 12 id. 190; *Robb* v. *Montgomery*, 20 id. 19.)

MILLER, J.  The plaintiffs, in their contract with the defendant, covenanted that Sarah James, one of them, was seized in her own right of a good title to the premises in fee simple which were to be conveyed to the defendant; and it was further provided, that the plaintiffs, if they so desire, could mortgage each of the lots to the amount of $15,000.    On the same day after the contract bears date, and when the parties acknowledged its execution, the plaintiffs conveyed the premises by warranty deed to one Findull, subject to no incumbrances whatever.  The question presented is, whether the plaintiffs had a right thus to impair the title, or in any other manner than by the mortgages provided for; and, as this conveyance was made to Findull, whether the plaintiffs had not violated the covenant, and the defendant was thereby released from any liability under the contract ?  The plaintiffs' counsel insists that the fact that another person held the legal title for a portion of the intervening time, or that the defendant, prior to the time fixed for taking title, was required by independent covenants to do certain acts and things toward the performance of the contract on his part, is immaterial.    We think he is in error in this respect, and, under the provisions of the contract, the transfer of the title to Findull by the plaintiffs was important and material.    By the contract, as will be seen by reference to the same, the defendant agreed to erect buildings upon the lots, of a certain style and quality, and of considerable value, within seven months

from the date, the plaintiffs to advance money from time to time on each of such buildings. The lots were to be conveyed by the plaintiffs by warranty deed, free from incumbrances, except such as should be caused or suffered by the defendant, who was to take title and pay for the same within eight months from date. It is apparent from the terms of the contract that the defendant must have relied to a considerable extent upon the personal responsibility of the plaintiffs. Upon the faith of an existing and perfect title in Mrs. James, he was to take possession, erect valuable buildings and expend large amounts of money. The covenant that Mrs. James was seized and the permission given to mortgage the premises was not only an inducement for the expenditure of $60,000, to be made by the defendant, as the contract provided, but a guaranty that no other incumbrances should be placed upon the property. The covenant of seizin would be of no benefit if the plaintiffs could convey to a stranger without its violation, and compel the defendant to erect the buildings upon lands to which he might never acquire any title, and, in that event, to trust entirely to an action at law against the plaintiffs for reimbursement or indemnity. From the contract, it is evident that the intention of the parties was that the defendant should be protected in taking possession of the premises, and in the erection of buildings thereon, and, under the circumstances of the case, that the title should remain unimpaired in Mrs. James until the conveyance was delivered. Instead of this, on the very day the contract was acknowledged the plaintiffs conveyed the premises to Findull, who had been a clerk of Mr. James, and who took it in trust for Mrs. James and paid no consideration for the conveyance. They thus parted with all their right and title to the lot, and subjected the defendant to the hazard of losing what might be expended upon the same. As the testimony stood, we think the defendant was not bound to proceed and complete the contract after the plaintiffs had parted with their title by a conveyance to a stranger.

The conveyance by the plaintiffs and the execution of the mortgages by the defendant, according to the contract for the

price of the lots and advances, were to be simultaneous acts. In such a case the covenants are dependent, and there must be an existing capacity in the one who is to convey, to give a good title.  This distinction is stated fully by SPENCER, J., in *Robb* v. *Montgomery* (20 Johns. 15).  The expenditure to be made, which was very large, should not, in view of the peculiar provisions of the contract, be regarded as an ordinary payment on account of the purchase-money, as the covenants were manifestly intended and must be considered as mutual and dependent.  (*Judson* v. *Wass*, 11 Johns. 525 ; *Tucker* v. *Woods*, 12 id. 190.)  We have carefully examined all the cases cited to sustain the proposition contended for by the plaintiffs' counsel, and we think that none of them uphold the doctrine that in a case presenting the characteristic features of the one at bar, a conveyance to a third party is not material.

Some stress is laid by the appellants' counsel upon the provision in the contract that the plaintiffs agreed "to sell and convey, or cause to be conveyed."  This is not controlling; and taking the whole contract together, we think that the testimony shows that the defendant did not intend to accept any other warranty than that of the plaintiffs.  That Findull knew of the contract with the defendant at the time he took the deed, and therefore he took it subject to the rights of the defendant and could have been compelled to convey, is not important, for, as we have seen, the defendant lost the benefit of the plaintiffs' responsibility by the transfer of the title without any consideration whatever to a person of at least doubtful responsibility, and thus was not sufficiently protected in making the large expenditure required for the building of the houses. The defendant had a right to rely upon the responsibility of the plaintiffs under the contract, and the want of it may well have prevented the defendant from taking possession and from erecting the buildings as was intended.  The subsequent reconveyance by Findull to Sarah James could have no effect in restoring the defendant's rights which were affected by the conveyance to Findull.  The conveyance from Findull to the plaintiffs was not made until some months after

the conveyance by the plaintiffs to him, and was recorded even long after that, and it is not proved to have been brought to the knowledge of the defendant. The defendant, with knowledge of the want of title in the plaintiffs, was not, under the covenants in the contract, bound to take possession and proceed with the erection of the buildings.

The question whether the deed to Findull was made and delivered before or after the making and delivery of the contract is not vital, as in either contingency the plaintiffs had broken the covenant of seizin, and as the covenants were dependent and mutual, the defendant was under no obligation to proceed and erect the buildings and fulfill the terms of the contract. In view of the covenants which have been considered, the contract was at an end when the conveyance was made to Findull. The finding of the judge, that the contract was executed and delivered upon the 11th day of January, 1871, being the time of its acknowledgment instead of the day of its date, is therefore not material, and even if erroneous, cannot affect the result. For the same reason, the refusal to find that the deed was delivered after the date of the contract, was not erroneous. There was no error in refusing to send the case back for further findings, or in any of the refusals to find, or in any other respect.

The judgment should be affirmed.

All concur, except Folger, Ch. J., and Rapallo, J., not voting, and Finch, J., absent at argument.

, Judgment affirmed.