EMILY J. SMITH, RESPONDENT, *v.* JEREMIAH B. ROGERS, APPELLANT.

*Executory contract for the sale of land — when it is terminated by a conveyance of the fee of the land, to a stranger, by the vendor.*

This action was brought by the plaintiff to recover money paid by her to the defendant under an executory contract for the purchase of land owned by him, upon the ground that after she had made several payments, and at a time when she was not in default, the defendant had sold and conveyed the premises to one Hill, who had knowledge of the existence of the contract of sale.

*Held,* that the defendant by conveying the fee of the land to Hill terminated the contract, and that as the plaintiff had up to that time, in all respects, performed the agreement on her part, she was at liberty to bring this action to recover the money so paid.

That it was not necessary that she should offer to pay the balance of the purchase-money and demand a deed of the premises, as the defendant had put it out of his power to perform the contract on his part.

That she was not prevented from bringing this action by the fact that Hill knew of the contract at the time he took the deed, and that the plaintiff might have enforced a specific performance of the contract against him.

APPEAL from a judgment in favor of the plaintiff, entered in Cayuga county upon the report of a referee.

The action was brought to recover the purchase-money paid by the plaintiff as vendee to the defendant as vendor, on an executory contract for the sale of real estate. The vendor was the owner in fee of the premises at the time the contract of sale was executed and delivered.

The vendee paid part of the purchase-price, as stipulated in the agreement, and after making several payments and not being in default on her part, the vendor sold and deeded the premises to one Hill, who was advised of the existence of the contract of sale. The plaintiff recovered on the trial before a referee the amount of the moneys she had paid to the vendor, up to the time the latter deeded the premises to Hill.

*Chester & Elliott,* for the appellant.

*A. L. Johnson,* for the respondent.

BARKER, J.:

I am of the opinion that the judgment entered upon the report of the learned referee should be affirmed, upon the ground that the

defendant repudiated the agreement on his part by selling and conveying the premises to Hill on the 29th day of December, 1884. At that time the plaintiff was not in default. The contract contained a provision expressed in these words : " And in case default is made, as aforesaid, then, and in that case, the vendee releases and discharges the vendor from all liability by reason of any payment made prior to such default."

The first question presented is, whether the vendor had been released from his covenant at the time he conveyed the premises to Hill, by reason of any default on the part of the vendee to make the payments of principal and interest in the sums and at the times stipulated in the agreement. By the terms of the contract, interest upon the unpaid principal was to be paid semi-annually, on the thirteenth of March and the thirteenth of September, and of the principal sum ten dollars was to be paid each month from and after the 3d of July, 1883. The contract also contains the further provision, that unless all payments are made at the time of making the semi-annual indorsement, as provided for in the contract, then the vendee agreed to surrender up all claims and possession of said premises, and waives all notice to quit the same, and agreed to quietly and peaceably remove therefrom, on verbal notice so to do, and the contract should then become null and void.

The referee found that the vendee paid the interest due on the principal sum up to and including the 13th day of March, 1884. And he also finds that she paid other sums of money, giving the dates and amounts, which were received by the defendant upon the contract. He has not found, specifically, that the vendee had, up to the time of making the conveyance to Hill, made all the payments which had fallen due prior to that, but the evidence would fairly justify a finding that she had done so. If all the payments of money that were in fact made by the vendee to the vendor, were applied upon the contract, then she was ahead in her payments at that time.

For the purpose of sustaining the judgment we are to assume that the referee did find that all these payments were made upon the contract ; and that no part of the same were left unapplied so that the vendor was at liberty to apply the same upon the items which he claimed were extra work and constituted an independent

item of indebtedness. As I figured the amount due on the 29th day of December, 1884, the principal and interest could not exceed $293. There were seventeen monthly installments due up to that time, and in all amounting to $170. Call the interest $123, which was something above the amount due on an accurate computation, the gross sum paid by the vendee up to that time was $388.

As the plaintiff was not in default at the time the vendor conveyed the premises to Hill, we are now to inquire whether, upon the other facts appearing in the case, she was entitled to recover the money which she had advanced upon the contract. The vendee's position is this: That the act of the defendant, in conveying the premises to Hill when she was not in default, amounted to a rescission of the contract on his part, and that she had a right of action for the purpose of recovering back the purchase-money which she had paid in upon the agreement, and that, under the circumstances presented by the case, it was not necessary for her to offer to perform the contract on her part, or to require performance by the vendor, but that she could, immediately upon the execution and delivery of the deed, treat the contract as at an end.

The principal covenant on the part of the vendor was to sell and convey to the vendee, by a good and sufficient deed of conveyance, free and clear from all incumbrance, the premises mentioned, for the sum of $400, the deed to be delivered to the vendee when she had paid one-half of the purchase-money and concurrently therewith. The latter agreed to give her bond for the payment of the balance of the purchase-money, secured by a mortgage on the premises conditioned to pay such balance in annual payments of $100, together with interest. There was an agreement on the part of the vendor to erect upon the lot a house, at a cost not exceeding $800, which was to be regarded as a part of the purchase-money, thus increasing the consideration money to the sum of $1,200.

In every executory contract for the sale of lands there is an implied warranty on the part of the vendor that he has a good title to the premises which he assumes to sell, unless such warranty is expressly excluded by the terms of the contract, and such implied warranty exists so long as the contract remains unexecuted. (*Burwell* v. *Jackson*, 5 Seld., 535.) In that case the court, in its opinion, remarked: " In respect to such agreements, the principles

upon which the doctrine of implied warranty rests, are still applied as well in England as in this country, with all their force. It has been repeatedly held in England that a purchaser is never bound to accept a defective title, unless he expressly stipulates to take such title knowing its defects; and these decisions have been made without any regard to the particular language of the agreement to purchase. They rest upon the principle of implied warranty of title, and can have no other basis." (Citing *Purvis* v. *Rayer*, 9 Price, 488; *Souter* v. *Drake*, 5 Barn. & Adol., 992.) In the latter case Chief Justice Denman said: "For the reason above given, we come to the conclusion that, unless there be a stipulation to the contrary, there is, in every contract for the sale of a lease, an implied undertaking to make out the lessor's title to demise, as well as that of the vendor to the lease itself, which implied undertaking is available at law as well as in equity."

In this case the vendor's covenant was affirmative and positive, and in terms agreed to sell and convey the premises by a good and sufficient deed of conveyance, free and clear from all incumbrances. Under this covenant there can be no doubt but what the law implies a warranty on the part of the vendor that he possessed, at the time of making the same, a good and perfect title, and that he would convey the same to the vendee, upon the observance by her of the covenant on her part.

The legal proposition laid down in *Burwell* v. *Jackson* (*supra*), arose upon this state of facts: The vendors agreed to execute, or caused to be made and executed, to the vendee, on a day named, by a good and sufficient deed of conveyance, the lands mentioned in the agreement. The vendee was to pay a part of the purchase-money upon a particular day, when the deed was to be delivered. Prior to that time he had given his note to the vendors for a part of the purchase-money. At the time that the contract of sale was made, the premises were incumbered by a mortgage, which was afterwards foreclosed, and the title became vested in a stranger. In an action upon the note it was held that the sale and conveyance in the foreclosure proceedings put it out of the power of the vendors to convey any title to the purchaser, and authorized the vendee to treat the contract as rescinded; that as the title of the vendor was lost to him, the vendee was not bound to offer to perform on his

**114** SMITH *v.* ROGERS.

part, or to require a performance from his vendor, but might at once treat the contract as at an end; and the court further said that the vendee had an immediate cause as against the vendors to recover back the money paid.

*Lawrence* v. *Taylor* (5 Hill, 107) is also in point, which was an action by the vendee to recover back the purchase-money paid upon an executory contract for the sale of lands, wherein the vendor agreed to convey the premises by a deed containing a covenant of warranty. The vendee was allowed to recover the moneys paid in on the contract, on proving that the vendor had no title to a part of the lands, the court holding that it was sufficient to prove that there was no title or a defective one in the seller. The recent case of *James* v. *Burchell* (82 N. Y., 108) affirms the general propositions of law which have been stated. In that case the vendor agreed to sell and convey, or caused to be conveyed, the premises described in the executory agreement, and for the sum of $44,000, and on the performance by the vendee of covenants on his part to deliver a deed containing a covenant of warranty and that the premises were free and clear from all incumbrances. At the time the contract was entered into the vendor was the owner of the premises in fee, and on the same day he conveyed the land to a third party. The vendee failed to perform any part of his agreement, and the action was brought against him upon the contract to recover damages for its non-performance, and it was held that the vendor, by such conveyance, violated the contract, and the defendant was thereby released from any liability under it. (See, also, *Judson* v. *Wass*, 11 Johns., 525; *Higgins* v. *The D. L. and W. R. Co.*, 6u N. Y., 553; *Eddy* v. *Davis*, 23 Week. Digest, 468; *Buttrick* v. *Holden*, 8 Cush., 233.)

There is a class of cases which hold that where the vendee is in default, and has failed to perform the contract according to its terms, the vendor may sell the premises and the vendee cannot recover back the purchase-money, but they have no application to the case in hand, for the reason that the plaintiff was not in default at the time the defendant conveyed the premises to Hill. (*Battle* v. *The Rochester City Bank*, 5 Barb., 414; *Ketchum* v. *Everston*, 13 Johns., 359; *Green* v. *Green*, 9 Cow., 46.)

These cases are placed upon the ground that the vendee had

refused to proceed to the ultimate conclusion of his agreement, and the vendor being ready and willing to perform and fulfill all his stipulations according to the contract, the latter was under no obligations, legal or equitable, to return the money which he had received under the contract of sale.

It was not necessary for the plaintiff to offer to pay the balance of the purchase-money and to demand a deed of the premises, for the reason that the latter, by conveying the premises to another, had put it out of his power to perform the agreement on his part. (*Buttrick* v. *Holden*, 8 Cushing, 233; *Newcomb* v. *Brackett*, 16 Mass., 161.) Nor does the fact that Hill knew of the contract between these parties, at the time he took a deed, change the rule, although the plaintiff might have enforced a specific performance of the contract against him and compelled a conveyance. (*James* v. *Burchell*, 82 N. Y., 113.)

The position of the defendant that the plaintiff cannot recover in this action for the reason that she remains in possession of the premises, does not seem to be well taken upon the evidence and facts and circumstances of the case. At the time of the conveyance to Hill the plaintiff was in possession of the premises through and by her tenant, but the evidence tends to show, and would justify a conclusion, that the tenant had attorned to Hill; when this action was commenced, he claiming the right to receive, and did receive, the rents which fell due after he received the deed. Hill testified, and the defendant did not seek to contradict his testimony, that he had received the rents from the tenant, and that he had possession of the property since the date of his deed. In support of the judgment we are to assume that the referee found that the plaintiff had ceased to have any control over the premises, and that the tenant had attorned to Hill who had acquired possession of the property.

It is unnecessary to refer to a class of cases where the vendor, by the terms of his agreement, agreed to acquire in the future the title to lands and to convey them on a particular day to the vendee, as the principle involved in such cases is not applicable to the question involved in this controversy. Under such an agreement the vendee necessarily relies upon the personal covenants of the vendor, and the nature of the agreement excludes the idea that the vendor had a present title to the property which is made the subject of the sale.

I think the judgment should be affirmed upon the ground that the defendant, by conveying the fee of the land to Hill, terminated the agreement, and as the plaintiff had up to that time in all respects performed the agreement on her part she was at liberty to regard the contract as at an end, and in law and equity she was entitled to repayment of the moneys which she had advanced on the agreement.

Judgment should be affirmed, with costs. ·

HAIGHT, J., concurred; SMITH, P. J., and BRADLEY, J., not sitting.

Judgment affirmed.