(15 App. Div. 55.)

## MINER v. HILTON.

(Supreme Court, Appellate Division, Second Department. March 9, 1897.)

1. VENDOR AND PURCHASER—DEFECTIVE TITLE—RECOVERY OF PURCHASE MONEY.
    A purchaser under an executory contract may recover the money paid without alleging or proving readiness to perform on his part, where the vendor is unable to perform.
2. SAME—PLEADING AND PROOF—ENCROACHMENTS.
    A purchaser suing to recover back purchase money, because of breach of an executory contract of sale by the vendor, may, under an allegation that the vendor "failed and refused to sell or convey * * * and perform the said contract on his part," prove that the building purchased encroached on adjoining property.
3. SAME—ADVERSE POSSESSION.
    The mere fact that an encroachment has continued for 20 years does not show that the owner of the encroaching building has a right by adverse possession to the land encroached on.
4. SAME—CONVEYANCE BY THIRD PERSON.
    A contract to execute "or cause to be executed" to plaintiff a deed with "general warranty" and "usual full covenants" is not satisfied by the execution of the deed and warranties by a person other than the one making the contract.

Action by Henry C. Miner against Henry G. Hilton to recover money paid on a land contract with defendant which he had failed to perform. A verdict was directed in favor of plaintiff for $5,000 and interest, and defendant moves for a new trial on exceptions ordered to be heard by the appellate division in the first instance. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

David May, for plaintiff.
H. M. Whitehead, for defendant.

BRADLEY, J. The action was brought to recover damages for the alleged default of the defendant in performance by him of a contract made between the parties, of date February 10, 1892, whereby the defendant agreed to sell to the plaintiff a lot of land known as "No. 37 West Twenty-Eighth Street," in the city of New York, for $80,000, of which $5,000 was then paid, and on receiving payment of the residue, as provided, to execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, to the plaintiff a proper deed containing a general warranty and the usual full covenants for the conveying and assuring to him the fee simple of the said premises free from incumbrances, the deed to be delivered on April 30, 1892, at the place designated in the contract. At the time the contract was made the defendant did not have the legal title to the premises described in the deed hereinafter mentioned, but had as vendee a contract made with one Roher as vendor, which last-mentioned contract the defendant assigned to John M. Hughes by an instrument executed in London, England, April 22, 1892. Afterwards, pursuant to such contract, Roher conveyed to Hughes a lot of land on the northerly side of Twenty-Eighth street, in the city of New York, described by metes and bounds and designations, being known as "No. 37 on West Twenty-Eighth

156     44 NEW YORK SUPPLEMENT    (Sup. Ct.

and 78 New York State Reporter.

Street." The plaintiff was at the time and place designated in the contract for its performance. The defendant was not, but Hughes was there. The plaintiff had caused a series of objections to be written out, which indicated somewhat a purpose not to accept the deed of conveyance, but those requiring any attention are the objections that the deed is not one containing covenants of warranty by the defendant, Hilton, and that the person executing the deed had not, "and never had, title to the whole of the property No. 37 West Twenty-Eighth street." The evidence on the part of the plaintiff is to the effect that the objection was then made to Mr. Hughes that the building encroached $2\frac{3}{4}$ inches upon land not covered by the deed, and that the survey which had been made was exhibited to him, showing the encroachment; also the objection that the plaintiff was entitled to the deed with covenant of warranty from the defendant, who was the vendor in the contract. These objections so made preceded the tender which was shortly after made in behalf of Hughes of the deed made by him, describing the lot by metes and bounds as it was described in the deed before mentioned, made by Roher to him, and demanded performance of the plaintiff, who rejected it on the grounds specified and written out on the paper before mentioned, which was produced. In this action, afterwards commenced, the plaintiff alleges the making of the contract; the payment by him of $5,000; readiness on his part to perform; and that the defendant, in violation of the contract, "failed and refused to sell or convey to the plaintiff the said lot or parcel of land and perform the said contract on his part," and refused to repay the $5,000. The purpose of the action was to recover back the money so paid by the plaintiff. At the close of the evidence the motion made for dismissal of the complaint was properly denied; and the court, having declined to submit any question to the jury, directed a verdict for the plaintiff for $5,000 and interest. Upon the exception then taken arises the main question for consideration.

The stipulations of the parties in the contract for performance on the day designated were concurrent and dependent, and neither would be in a situation to require performance from the other unless he was then ready and willing to perform on his part. Smith v. Smith, 83 Hun, 381, 31 N. Y. Supp. 924. If this was an essential fact to the maintenance of the present action, then it should have been submitted to the jury, because the evidence of readiness of the plaintiff to perform the contract at that time on his part was only that given by him, and his relation to the action is such that the credibility of his testimony was a question for the jury. Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402. The cases cited by the learned counsel for the defendant in support of the proposition that it was necessary for the plaintiff to prove readiness on his part to perform the contract, and if he depended upon an excuse for nonperformance on his part it was necessary to allege the facts constituting such excuse, were those in which the actions proceeded in affirmance of the contracts and to require performance. Such were Clift v. Rodger, 25 Hun, 39; Greenblatt v. Hermann, 144 N.

Y. 13, 38 N. E. 966. The present action was brought upon the theory that the contract ceased to be operative or available for performance by reason of breach on the part of the defendant, and the plaintiff seeks to recover back the money he had paid upon the contract. It is true that the plaintiff alleged readiness and willingness on his part up to the time of the alleged breach. Was this necessary to the support of his action, founded upon what, in practical effect, was a rescission, to recover back the money for breach of the contract on the part of the defendant? It would have been good pleading to have alleged the specific fact which constituted the breach, or failure to perform, upon which the plaintiff relied. He, of course, must support his alleged breach by proof, and, if his readiness to perform was necessary to enable him to assert such breach, the proof of that fact was essential to recovery by the plaintiff. Lawrence v. Taylor, 5 Hill, 107, 115; Bigler v. Morgan, 77 N. Y. 312, 318; Smith v. Rogers, 42 Hun, 110; Morange v. Morris, *42 N. Y. 48. The evidence did establish the fact that the deed made by Roher to Hughes, and that executed by Hughes and tendered to the plaintiff, did not cover all the land upon which stood the house or building No. 37, but that the building encroached 2¾ inches upon land east of the lot included in those deeds. The proof of that fact was prima facie evidence that neither the plaintiff nor Hughes could convey a marketable title to the plaintiff,—such a title as a prudent person, knowing the fact, would not hesitate to take. Moore v. Williams, 115 N. Y. 586, 22 N. E. 233; Irving v. Campbell, 121 N. Y. 353, 24 N. E. 821; Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8. It does not appear how long the building has been there. A witness testified that he had known of its standing there for 23 years. If the strip of land covered by its east side has been thus occupied under claim of title for 20 years, or if the east line of the house has by acquiescence of its owner and the owner of the adjacent premises been treated as the line for that length of time, then it will be deemed to have been established as such. Baldwin v. Brown, 16 N. Y. 359; Reed v. Farr, 35 N. Y. 113. But the mere fact that the encroachment had existed for 20 years or upwards was not sufficient evidence that the adjacent owner was concluded from asserting title to the 2¾ inches on which the building encroached. The possession of land is presumed to be held subordinately to the true title, until such presumption is repelled by evidence that it has been and is held under claim of title adversely or in hostility to the true owner who may claim title to it. Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994. And if the line had been thus established, so as to perfect title in the vendor or his assignee to the land so encroached upon, the burden was with the defendant to prove the fact. Hartley v. James, 50 N. Y. 38; Wilhelm v. Federgreen, 2 App. Div. 483, 38 N. Y. Supp. 8.

As has been observed, it was proved that the objection on account of the encroachment was raised in behalf of the plaintiff when he and Hughes met at the time designated to complete performance of the contract. The only evidence tending to be contradictory of such

fact is that of a witness who does not contradict it further than saying that after he came there nothing was said in his hearing about any encroachment. There is evidence to the effect that the objection was made to Hughes before that witness arrived. Mr. Hughes does not become a witness to contradict it, nor is there any evidence to the contrary.

The exception to the reception of the evidence about the encroachment, on the ground that it was not alleged in the complaint, we think was not well taken, for the reason, before indicated, that the action was not one to enforce performance of the contract, but to recover back the money paid, for breach arising from the inability and failure on the part of the defendant to make the deed of conveyance to which the plaintiff was entitled by the terms of the contract; and inasmuch as the defendant, through Hughes, was unable to perform, no offer of payment by the defendant of the purchase money was requisite to put the defendant in default, or for the plaintiff to protect himself against such imputation. Hartley v. James, supra. It is by no means clear that the plaintiff was not entitled to the covenant of warranty of the defendant. He was, unless the words "or cause to be executed" and delivered to the plaintiff a deed with covenants, etc., required the latter to accept the covenant of any person by whom the title should be held when the time arrived for performance of the contract. Robb v. Montgomery, 20 Johns. 15; Bigler v. Morgan, 77 N. Y. 312. In James v. Burchell, 82 N. Y. 108, the contract in question contained a like provision, that the plaintiffs "agreed to convey or cause to be conveyed" to the defendant the premises in fee by a full covenant warranty deed. The plaintiffs conveyed the premises to another. It was held that this, under the circumstances of the case, relieved the defendant from further performance of the contract, and in the opinion of the court it was said that some stress was laid upon the provision in the contract that the plaintiffs agreed "to sell and convey or cause to be conveyed." This, it was held, was not controlling, and that the testimony showed that the defendant did not intend to accept any other warranty than that of the plaintiffs. It is reasonable to suppose that usually, when a vendee takes a contract containing a provision for conveyance with covenants of warranty, he has in view the responsibility of his vendor, unless something appears to the contrary in the contract. The provision that the vendor will do it, or cause it to be done, as expressed in the contract in question, does not, I think, indicate a purpose to enable him to relieve himself from making the covenant by the substitution of such other person as he may choose to take the relation of grantor and covenantor.

These views lead to the conclusion that the defendant's exception should be overruled, and the plaintiff have judgment upon the verdict. All concur.