(20 Misc. Rep. 527.)

## MARSHALL v. WENNINGER.

(Supreme Court, Trial Term, New York County. June, 1897.)

1. EASEMENT—EFFECT OF NONUSER.
    Mere nonuser of a right of way, though for a period of more than 20 years, is not sufficient to extinguish such right of way, unless there has been an actual abandonment of it, or acts by those in possession of the land over which it exists, not merely consistent with the nonuser of the way, but hostile to the right, and constituting some element, of adverse possession.

2. VENDOR AND VENDEE—RECOVERY OF DEPOSIT.
    In an action to recover back a deposit made under a contract for the sale of real estate, and the expenses of examining the title, which has been rejected as defective, it is not necessary for the plaintiff to show a tender or offer of performance of the contract on his part.

Action by Oscar T. Marshall against John P. Wenninger to recover moneys paid under a contract for sale of realty, and damages.    Judgment for plaintiff.

Edward Kaufmann, for plaintiff.
Frederick P. Forster, for defendant.

BISCHOFF, J.    The defect in the title offered, as complained of by the plaintiff, was that the land to be conveyed, by the terms of the contract, was part of a tract at one time laid out in accordance with a certain map filed in the office of the clerk of Westchester county on December 27, 1851, by which map it appeared that a road named "Calhoun Terrace," 50 feet in width, was an open way between certain streets on either side of the tract.    The land covered by the contract in suit, taken by metes and bounds, extended to the center of this road, and therefore, if the defendant's title to the full lot unincumbered by a right of way reserved to others was not apparent, the plaintiff, by acceptance of the deed offered, would have failed to receive that for which he had bargained, since upon one side the land would have been restricted in area by 25 feet, and his possession diminished so far, because of this existing right of way.    Adjoining property abutting upon Calhoun Terrace had been conveyed by deeds

bearing reference to this map and to the road delineated, and, accordingly, an easement of access appeared of record to have been created, the defendant's possession and his ability to confer an unincumbered title to the full lot being thereby seriously affected. Bank v. Nichols, 64 N. Y. 65, 73. Prima facie, then, the plaintiff's refusal to take title was justified, but the defendant has sought to show an abandonment of this easement upon the part of the grantees of the adjoining property abutting upon Calhoun Terrace for its whole length, the proof adduced being that for 25 years the road had not been used by the parties who were by grant entitled to enjoyment of this right of way. I am prepared to take the facts, as testified to for the defendant, that Calhoun Terrace has not been used as a way to the streets on either side since the date of the filing of the map in question; that at one end of this road, as delineated, a stable has stood for 25 years, and that the other end was continuously closed by a fence with a small gate; that the center line of the road has been marked by a fence inclosing the defendant's property for a number of years, and that trees existed unremoved on the line of the terrace, some of them 15 years old in 1852. Granting this, I do not feel justified in holding, under the authorities, that title has vested in the defendant to the whole of the property which he contracted to convey. Nonuser of this roadway is certainly apparent, and this for a period greater than 20 years; but the evidence does not show an adverse possession by the defendant of that portion of the road which abutted upon this property. The possession, such as it was, was consistent with the nonuser of the right of way by the adjoining owners, but it was not hostile to the rights of these others, if asserted, and hence failed of the essential elements of an adverse possession. Nor can I find in this case evidence of an abandonment of the easement sufficient to support a determination that the title offered was marketable, in the face of the records, which, unexplained, presented its obvious defect. While an actual abandonment, to operate as such, need not be followed by a particular period of time of nonuser in order that the land may be freed from the easement, yet nonuser alone for any length of time does not operate as an abandonment of a right of way conferred by grant (Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, distinguishing Snell v. Levitt, 110 N. Y. 595, 18 N. E. 370), and only where there appears to have been an intentional abandonment, or some element of adverse possession, operative according to the rules of law, can the grantee of the easement be said to have lost it (Id.). "We know of no inflexible rule of law," saith the court, "which requires the owner of an easement of this kind to walk or drive over the passageway at stated intervals, in order to save his title from extinguishment." Hennessy v. Murdock, 137 N. Y. 317, 326, 33 N. E. 330, 332. It might be that the defendant could withstand a demand upon the part of the adjoining owners that his way be reopened and remain unobstructed, but the proof furnished in this action does not show with sufficient certainty that the plaintiff would be protected if he should take the title offered. The fact of nonuser only is shown, and, if I should say that an abandonment was to be implied because of the duration of that nonuser, this would not protect the plaintiff (as purchaser) from subsequent attack by the

grantees of the easement, who may well be able to rebut by proof any inference of abandonment which might be drawn from the evidence now furnished, in an action to which they are not parties, and by the determination of which they are in no sense concluded.    Under the circumstances, I am unable to hold that the plaintiff was offered a marketable title, and that he was required, reasonably, to accept it. Moore v. Williams, 115 N. Y. 586, 22 N. E. 233; Irving v. Campbell, 121 N. Y. 353, 24 N. E. 821.

Reference has been made to certain statutes relative to public streets at one time laid out or delineated, and not thereafter used, these statutes providing that streets so abandoned should cease to exist; but whether Calhoun Terrace fell within the provisions or not is unimportant here, since the matter in question has to do with the private easement of access, and thus the rights of the public in this roadway, whether closed or open, become immaterial.    Haight v. Littlefield, 147 N. Y. 338, 41 N. E. 696.

The defendant also contends that the plaintiff's proof is insufficient, because readiness to perform upon his part at the date finally fixed for the closing of title was not shown.    True it is that the plaintiff failed to prove a tender of the amount called for by the contract at that time, having made no offer of payment at all; but an action of this character proceeds rather upon a rescission of the contract than upon its affirmance, and so no offer or tender by the purchaser need be shown to support a recovery where the vendor is in default through his inability to provide an acceptable title.    Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080; Miner v. Hilton, 15 App. Div. 55, 44 N. Y. Supp. 155. There should be judgment for the plaintiff for $720.20, with costs, and an extra allowance of 5 per centum.

Judgment for plaintiff, with costs.