### NORTHRUP v. MEAD et al.

(Supreme Court, Appellate Division, Third Department. September 26, 1907.)

1. VENDOR AND PURCHASER—CONTRACT—PROVISION AS TO CONVEYANCE.

An agreement on the part of the vendor that he would, in consideration of services to be rendered him during his life, have papers fixed so that the vendee should not be disturbed, and that the vendee should have the

premises when the vendor was through with them and on his death, is not so indefinite as not to be binding, but is one for a conveyance after the vendor's death.

2. SAME—RESCISSION—RECOVERY OF PURCHASE MONEY—DEMAND FOR PERFORM-ANCE.

Where a vendor agrees that the vendee shall have lands after he is through with them and on his death, a demand on the vendor's heirs for performance is necessary to put them in default, so that the vendee can recover, as for a rescission, payments made.

3. SAME—SURRENDER OF POSSESSION.

A vendee must surrender his possession of the property before he can recover, as for a rescission, money paid.

Appeal from Special Term, Delaware County.

Action by William C. Northrup against George O. Mead and another, administrators of Jesse Wakeman, deceased. From a judgment for plaintiff, entered on decision of the court on a claim disputed and referred under the provisions of Code Civ. Proc. § 2718, defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-RANE, and SEWELL, JJ.

E. H. Hanford, for appellants.

Charles L. Andrus, for respondent.

SEWELL, J. The plaintiff presented a claim to the defendants against the estate of the decedent, amounting to $6,518.50 and interest, for money paid and services rendered, to apply upon an alleged verbal contract for the purchase of certain lands and for the amount expended for permanent improvements thereon. It was shown upon the trial that in October, 1889, the plaintiff entered into a contract in writing wherein he agreed to purchase of Wakeman a farm of 135 acres for $3,900, and to pay for the same by paying $300 on the execution of the contract and the balance December 1, 1901, with annual interest. It also appeared that by another contract in writing, dated June 1, 1892, the plaintiff agreed to purchase 50 acres adjoining the farm and to pay therefor $1,000 ten years from date, with annual interest on the purchase price. It was conceded that the plaintiff took immediate possession of the property under the contracts, and has since continued in the possession thereof. Jesse Wakeman died April 4, 1906. Lucy A. Northrup, the wife of the plaintiff, testified, and the court found, that in March, 1894, the plaintiff having expressed his inability to perform the contract and a desire to abandon the premises, it was verbally agreed that if the plaintiff would pay decedent $100 in each year, and do such work upon his premises and for the deceased as he might have for him to do, and furnish him with such provisions as he might require, the plaintiff should have the premises when deceased was through with the same, and that the defendant would fix writings or papers so that plaintiff could not be disturbed. She also testified that in November of the same year Wakeman called for the contracts, or copies in possession of the plaintiff, and took them away, "and promised the plaintiff that he would have the papers fixed so that nobody could disturb the plaintiff, and that the said premises should be plaintiff's at the death of said deceased."

The court also found that the plaintiff, in pursuance of the parol agreement, thereafter paid Wakeman $100 each year during his life; that he rendered services and furnished board and provisions of the value of $2,436; and that in the year 1895 he paid $1,200 for the construction of a barn upon the premises. As a conclusion of law the court found that the oral agreement was indefinite and uncertain in respect to the performance thereof on the part of said Jesse Wakeman, and in respect to the time and manner in which he was to perform the same, and that the plaintiff was entitled to recover of the defendant the sum of $4,736, less $1,800, the rental value of the premises during the time they had been occupied by the plaintiff under the agreement. No evidence was given showing or tending to show that the plaintiff had at any time before or since the death of the vendor demanded performance, or a conveyance of the premises, or that the heirs were not able and willing to give a perfect title to the premises.

I am of the opinion that the agreement as found by the court was complete, and that all of its material terms were expressed in such language that the intent of the parties can be sufficiently ascertained to enable a court to carry them into effect. There was no uncertainty whatever in respect to the premises to be conveyed. The names of the parties, vendor and vendee, were known, and the time when the conveyance was to be made was stated. The essential obligations to be performed by the vendee were declared, and the obligation assumed by the vendor was reasonably definite. It is true that the obligation on the part of the vendor was not expressed in technical language; but it is apparent that a conveyance by the heirs of the vendor, when the agreement was fully performed by the vendee, was in the minds of the parties. There can be no real doubt or difficulty in determining that an agreement that a vendee shall have certain lands when the vendor is through with them, and upon his death, was not an agreement to will, or to convey the property before death. The language used does not give rise to such an inference, and that such was not the intention of the parties also appears, with reasonable certainty, from the fact that the agreement was conditional upon and in consideration of services and payments, the nature and extent of which could not be foreseen or determined before the death of the vendor.

Very many cases can be cited where an agreement, almost identical with the one at bar, has been upheld (Dana v. Wright, 23 Hun, 29; Healy v. Healy, 55 App. Div. 315, 66 N. Y. Supp. 927; Godine v. Kidd, 19 N. Y. Supp. 335;[1] Freeman v. Freeman, 43 N. Y. 34, 3 Am. Rep. 657; Matthews v. Matthews, 133 N. Y. 679, 31 N. E. 519; Young v. Overbaugh, 145 N. Y. 158, 39 N. E. 712; Winnie v. Winnie, 166 N. Y. 263, 59 N. E. 832, 82 Am. St. Rep. 647); and I doubt if any well-considered case can be found to the contrary. I am not only unable to agree with the trial justice in his judgment as to the legal effect of the agreement found by him, but I am unable to find any evidence in the case to support the contention of the learned and ingenious counsel for the plaintiff that there was a breach of the agreement.

No one, on reading the evidence in this case, would suspect that a deed had not been given by the vendor in his lifetime, save as it may be

[1] 64 Hun, 585.

inferred from the fact that the plaintiff claims the right, and has brought this action to recover back the purchase money paid. Nor is there in the record any trace of evidence tending to show that a new contract in writing was not made, or that papers or writings were not fixed so that the plaintiff could not be disturbed, or so that nobody could disturb him. On the contrary, it was undisputed that the plaintiff has never been disturbed. The wife of the plaintiff testified:

"We are still living upon this farm and premises in the same manner in which we have always lived, and in the same way, and no one has ever served any notice upon us to quit the premises, and we are now in the actual possession of the same, just as we were before Jesse Wakeman's death."

Apart from this, assuming the evidence to be sufficient to justify the finding of the court "that the said Jesse Wakeman died without conveying to the plaintiff, by will or otherwise," there was no default. The proof shows, and the court found, that there was no express agreement on the part of the vendor to convey by will or deed during his lifetime, and, while it is somewhat difficult to understand precisely what was intended by the statement of the vendor that he would fix the writings or papers so that the plaintiff could not be disturbed, it does not indicate an intention to make a conveyance before death. On the contrary, it is reasonable to suppose that the vendor only intended and expected to put in writing the terms of the parol agreement, and that it should be carried into effect by a conveyance from his heirs. However that may be, it appears from the evidence that there was no breach of this agreement. The plaintiff's principal witness, his wife, testified that Wakeman told the plaintiff: "I have fixed the papers so that nobody can touch you." Assuming that an agreement was made as testified to by the plaintiff's wife, I think the vendor's legal liability under the contract devolved upon his heirs at law, and that, if they were willing and able to go on with the contract and complete performance, there was no default; and, therefore, no promise to compensate the vendee could be implied.

The appellants' counsel insisted upon the trial, and now contend, that as this is not an action to enforce the contract, or to recover damages for its breach, but to recover back the payments made thereon, it was necessary to demand a deed or performance from the heirs of the vendor to put them in default. It has undoubtedly been long settled that in order to put a party in default, in cases of dependent contracts, so as to subject him to an action at law, there must be a demand of performance on his part, and where an act is to be done requiring time for its performance, a reasonable time must be given for such performance. In Bruce v. Tilson, 25 N. Y. 196, Judge Allen, after stating this rule, said:

"An action at law upon the contract, or to recover back the consideration as upon a rescission of the contract by the act of one of the contracting parties, can only be maintained upon such a technical and formal default, unless it may be in some exceptional cases, as where a party has put it out of his power to perform."

And he cited Fuller v. Hubbard, 6 Cow. 13, 16 Am. Dec. 423, and Same v. Williams, 7 Cow. 53, 17 Am. Dec. 498, where it was held that when a contract is made for the conveyance of real estate, and the ven-

dor dies, a demand of a conveyance must be made of the heirs by the vendee, and he must wait a reasonable time for it to be made out.

In the case of Stevenson v. Maxwell, 2 N. Y. 415, it was said by Gardiner, J.:

"Upon general principles, I am inclined to think that whenever a vendee takes possession of premises, as owner, under a contract of sale, * * * the omission to execute a conveyance before demand and an offer to pay the purchase money by the vendee is not a default within the rule."

The same principle was laid down in Miner v. Hilton, 15 App. Div. 55, 44 N. Y. Supp. 155; Thompson v. Easton, 73 App. Div. 114, 76 N. Y. Supp. 567; Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362; Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080.

Another point is made that the plaintiff cannot recover back the purchase money paid so long as he retains possession of the property. It has frequently been decided that a purchaser of real property must surrender possession acquired under the contract before he can maintain an action for its rescission. In Tompkins v. Hyatt, 28 N. Y. 353, there was a delay on the part of the vendor and his heirs to deliver the deed for a period of ten years after the time fixed by the contract, and it was held that the plaintiff was not at liberty to rescind the contract and recover back the purchase price, so long as he continued in the undisturbed possession of the premises. The court said:

"It may now be regarded as the established law of this state that, where the purchaser takes possession of the bargained premises under the agreement, he cannot rescind the contract without surrendering the possession, and that less diligence in perfecting the title is required of the owner when the purchaser is in possession than when he is not."

In Waters v. Travis, 9 Johns. 450, twelve years had elapsed after the time fixed by the agreement for the delivery of a deed, during which time the purchaser had been in the possession of the bargained premises, and it was held that strict performance at the day was waived, and specific performance was decreed. In Goelth v. White, 35 Barb. 78, Allen, J., said:

"Before, then, the plaintiff could rescind the contract and claim to recover his money paid as a part of the purchase price of the premises, he was clearly bound to restore to the defendant the possession of the premises. He could not occupy under the contract, and thus enjoy the benefit of it, and at the same time treat it as rescinded, and reclaim the purchase money. The money can only be recovered back when the contract has been rescinded in toto; and, so long as the vendee is reaping the fruits of it, it is not wholly rescinded. Had the action been for a breach of the contract, the question would have been different. But without a surrender of the possession the action will not lie"—and cited Gale v. Nixon, 6 Cow. 445; Voorhees v. Earl, 2 Hill, 288, 38 Am. Dec. 588; Hogan v. Weyer, 5 Hill, 389.

The principle upon which all these cases are based is that, having no right to the property except under the contract, the continuance of the possession by a vendee is a constant and continued affirmance on his part that the holding is under it, and conclusively proves that the contract has not been abandoned.

It is further urged on the part of the appellant that the evidence was insufficient to establish the fact that the written contracts were superseded and destroyed by the parol agreement found by the trial court.

In support of this contention, counsel for the appellant cites the cases of Shakespeare v. Markham, 72 N. Y. 400, Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, Rosseau v. Rouss, 180 N. Y. 116, 72 N. E. 916, and Holt v. Tuite, 188 N. Y. 17, 80 N. E. 364, where the rule is laid down that contracts of this character must be established by the clearest and most convincing evidence, and that where the evidence relied upon to establish the contract is the testimony of interested witnesses, who swear to the admissions of a dead man, it should be corroborated in all substantial particulars by disinterested witnesses. The only evidence of the surrender of the written instruments or of the alleged parol agreement was given by the plaintiff's wife, and while she was corroborated to some extent by the witness Barrenger, who has also presented a claim against the estate of the vendor, two witnesses apparently without any interest or temptation to pervert the truth testified to admissions said to have been made by the plaintiff, a short time before the death of Wakeman, to the effect that he was owing so much for the place he could not pay for it. In addition to this, many other facts were testified to, inconsistent with the story of the wife.

While it may not be amiss to express a doubt as to the sufficiency of the evidence by which it is claimed that the parol agreement was established, it is unnecessary to pass upon that question, as I think that the judgment should be reversed, and a new trial granted, upon the grounds already considered.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide the event. All concur.