ALEXANDER REISENBURGER, Appellant, *v.* FREDERICK OTTO and CHRISTIANA OTTO, Respondents.

Second Department, February 2, 1917.

Vendor and purchaser — bills and notes — agreement to trade properties — default in agreement to procure mortgage — supplemental agreement extending time — effect of conveyance to third party upon defendants' duty to procure mortgage and liability upon note given as security for performance of supplemental agreement.

Plaintiff and defendants having agreed to trade properties, the land of the latter to be transferred subject to a mortgage for a term of years, entered into a supplemental agreement so as to allow the defendants to procure the mortgage within a certain time, under which they agreed if they did not procure such mortgage they would pay a note which they then exe-

cuted to the plaintiff. The next day the title was closed by the defendants giving a deed to a third party at the plaintiff's request. The agreement did not require the mortgage to be made by the plaintiff as owner. The defendants not having procured the mortgage on the date set by the agreement, the plaintiff brought action upon the note.

*Held,* that the conveyance by the defendants to the third party did not relieve them from liability under their agreement to procure the mortgage or constitute a defense to the action on the note.

APPEAL by the plaintiff, Alexander Reisenburger, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 25th day of May, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Louis J. Altkrug,* for the appellant.

*Alfred Frankenthaler* [*George H. Ittleman* with him on the brief], for the respondents.

THOMAS, J.:

The parties to this action agreed to trade properties, but the defendants' land on Lewis street was to be taken by the plaintiff subject to a mortgage of $10,000 to run for five years at five per cent interest. There was some postponement of the closing, but finally the defendants could not with sufficient expedition get the $10,000 mortgage extended for the five years, and so, lest they should be in default, the parties entered into a supplemental agreement. The purpose of the second instrument was to let the defendants make good by November first their agreement to subject their property to a $10,000 mortgage. I assume that it was to be a mortgage to comply with the principal contract although that is not mentioned in the second agreement. The further thought in the second agreement is that if the defendants could not raise the mortgage, the plaintiff should be left to his own resources in that regard, in which case he would have the help of the $650 note which the defendants executed to him. That agreement is dated August 22, 1914. The next day the title was closed by the defendants giving a deed to one Gross at the plaintiff's request. The first of November came and the defendants had not raised the mort-

gage, and this action was brought upon the note. The sole defense is that the plaintiff had, by sending the title to Gross, put the defendants in a position where they could not raise the mortgage. But the agreement does not demand a bond to be made by the plaintiff as owner. The purpose of the second agreement was to place defendants where they should be under the agreement of exchange between the parties. But the agreement demands a bond from nobody. Of course, it was necessary that the owner of the land should execute the mortgage, and while it was in accordance with that expectation that the plaintiff should be the mortgagor, yet the defendants by conveying to Gross consented that he be substituted. From that time forward the defendants did nothing. After November first the note was returned to the plaintiff, who had theretofore transferred it to Gross in connection with his holding the land. It seems that Gross had given back a deed without a grantee and unacknowledged, and after the defendants' default the name of Brown, who held the mortgage, was inserted in the deed, and it was acknowledged so that she became the apparent owner of the land, whereas, theretofore, she had been the holder of the mortgage, which, by arrangement, had been extended for a year or more. That does not affect the present question. The defendants urge that the plaintiff had put it out of his power to comply with the agreement with reference to raising the mortgage, and for that they rely upon *James* v. *Burchell* (82 N. Y. 108) and *Eddy* v. *Davis* (116 id. 247). The cases have no relation to the present facts. The defendants were in default and by the second agreement were given an opportunity to mend it on or before a certain date, and they agreed that if they did not cure the deficiency, they would pay the note. They lost nothing by their conveyance to Gross, either in the present or for the future. They were not entitled to any credit that the plaintiff's name might afford in raising the loan or procuring an extension of the mortgage. The responsibility was all their own, save that the land was to be used as collateral. Moreover they were parties to transferring the land to Gross, and they did it leaving the note outstanding. It cannot be concluded that upon conveying the land to Gross the second agreement,

made the day before, became absolutely null and void, or that the parties or any of them so understood.

The judgment should be reversed and a new trial granted, costs to abide the event.

STAPLETON, MILLS, RICH and PUTNAM, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.